Basilio Q. CASILANG, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 01–3098.

United States Court of Appeals,
Federal Circuit.

May 16, 2001.

Basilio Q. Casilang, San Narciso, Zambales, Philippines, pro se.

William L. Olsen, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Mark A. Melnick, Assistant Director. Of counsel was Earl A. Sanders, Attorney, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

Basilio Q. Casilang petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") that denied his request for a deferred annuity under the Civil Service Retirement System ("CSRS"). *Casilang v. OPM*, No. SE–0831–00–0240–I–1 (Merit Sys. Prot. Bd. Sept. 11, 2000). The CSRS is the retirement benefits system established under the Civil Service Retirement Act ("CSRA"), Pub.L. No. 64–584, 70 Stat. 736 (1956); 5 U.S.C. § 8333 (1994). The Board determined that Mr. Casilang was not entitled to a civil service retirement annuity because his civil service was not in a position covered by the CSRA. We affirm.

BACKGROUND

Mr. Casilang's claim to a civil service retirement annuity is based on his civilian employment by the United States Department of the Navy as a Helper/Painter at Subic Bay in the Phillipines. Mr. Casilang was appointed to this position on January 25, 1952. As demonstrated by the Notifi-

cation of Personnel Action, this appointment was indefinite and excepted, and was not subject to the CSRA. Mr. Casilang was separated from this position on June 30, 1958.

On July 27, 1998, Mr. Casilang filed an application with OPM for a civil service retirement annuity under the CSRA. OPM denied the application because Mr. Casilang's employment was not covered by the CSRA. Mr. Casilang requested reconsideration of the decision, and OPM again denied his application. In due course, Mr. Casilang appealed the reconsideration decision to the Board.

The Board affirmed OPM's reconsideration decision. The Board determined, based on Mr. Casilang's employment records, that his appointment was indefinite and excepted. *Casilang,* slip op. at 4. The Board noted that, at the time of Mr. Casilang's appointment, Executive Order No. 10,180, 15 Fed.Reg. 7745 (Nov. 13, 1950); 3 C.F.R. § 363 (1950), made appointments to the executive branch nonpermanent and excluded them from the CSRS. *Casilang,* slip op. at 4. The Board concluded that Mr. Casilang's appointment was subject to this order and that, therefore, he was not entitled to an annuity. *Id.*

The Board determined that the revocation of Executive Order No. 10,180 in 1955 by Executive Order No. 10,577, 19 Fed. Reg. 7521 (Nov. 22, 1954); 3 C.F.R. § 218, 225 (1955), did not affect Mr. Casilang's status as an excepted employee with an indefinite appointment, or his exclusion from coverage by the CSRA. *Casilang,* slip op. at 5. The Board found that Mr. Casilang had not been appointed from the competitive service registers, and thus did not benefit from the provisions of Executive Order No. 10,577 that provided for a transition from indefinite appointments to career-conditional or career appointments for employees who had been selected from competitive civil service registers. *Id.* The

Board also determined that Mr. Casilang had not received a new appointment after Executive Order 10,180 had been revoked. *Id.* The Board noted that a regulation that excluded nonpermanent, indefinite appointments from the CSRA was promulgated on October 30, 1956, and that the regulation was in effect at the time of Mr. Casilang's separation from service in 1958. *Id.* (citing 5 C.F.R. § 29.2(a)(14) (1957)). Because Mr. Casilang failed to demonstrate that any of his service was covered by the CSRA, the Board affirmed OPM's reconsideration decision denying his request for an annuity. *Id.* at 6.

Mr. Casilang petitions for review of the Board decision. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) (Supp. V 1999).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).

To be entitled to an annuity, an employee must complete at least five years of civilian service and must complete, within two years of his separation from service, "at least [one] year of creditable civilian service during which he is subject to [the CSRA]." 5 U.S.C. § 8333. At issue in this appeal is whether Mr. Casilang completed at least one year of creditable service under the CSRA. The heart of Mr. Casilang's argument is that the revocation of Executive Order No. 10,180 converted his indefinite, excluded appointment into an appointment that was subject to the CSRA. We must reject that argument.

Executive Order No. 10,180 was issued by President Truman in November of

1950. The President determined that, in the interest of the national defense and subject to certain exceptions, "all appointments in the executive branch ... [would] be made on a nonpermanent basis." Executive Order No. 10,180. The President also determined that "persons given nonpermanent appointments pursuant to [the] order [would be] excluded from the [CSRA.]" *Id.* Executive Order No. 10,180 itself contemplated that the restriction on permanent appointments would be for a limited period, "until such time as the President may find it no longer necessary in the interest of the national defense." *Id.*

By November 22, 1954, President Eisenhower had made such a determination. He therefore issued Executive Order No. 10,577, which lifted the ban on permanent appointments in the executive branch. Contrary to Mr. Casilang's arguments, Executive Order No. 10,577 did not convert all indefinite appointments made under Executive Order No. 10,180 into appointments covered by the CSRA, as if Executive Order No. 10,180 had *never been issued. See Guevara v. United States,* 229 Ct.Cl. 595, 598 (1981) (determining that an employee who served under an indefinite appointment made in January of 1952 until his separation in February of 1974 "was excluded from retirement coverage by Executive Order No. 10,180"); *see also* 5 C.F.R. § 831.201(a)(12) (2000) (excluding from the CSRS "Employees serving under nonpermanent appointments made pursuant to ... Executive Order No. 10180 of November 13, 1950"). Instead, Executive Order No. 10,577 provided that, under certain circumstances, "employees serving under indefinite appointments in the competitive service" could have their appointments converted to career-conditional or career appointments. The Board determined that Mr. Casilang was not encompassed by those provisions, and Mr. Casilang does not challenge that determination.

Prior to issuing Executive Order No. 10,577, President Eisenhower issued Executive Order No. 10,530, 19 Fed.Reg. 2709 (May 10, 1954); 3 C.F.R. §§ 189, 193 (1954). That Executive Order vested the United States Civil Service Commission with the authority "to exclude from the operation of the [CSRA] any ... employee ... or group of employees in the executive branch ... whose tenure ... is ... of uncertain duration." Executive Order No. 10,530. It also provided that "[a]ll actions heretofore taken by the President in respect of the matters affected by this order and in force at the time of the issuance of this order ... shall ... remain in effect until amended, modified, or revoked pursuant to the authority conferred by this order." *Id.* Thus, Executive Order 10,530 kept in place the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180 until the Civil Service Commission promulgated new regulations, which it did in 1956. *See* 5 C.F.R. § 29.2 (1957) (excluding nonpermanent, indefinite appointments from the CSRA). Mr. Casilang's indefinite, excepted appointment therefore remained indefinite, excepted and excluded from the CSRA after the issuance of Executive Order No. 10,577, through the promulgation of 5 C.F.R. § 29.2, and until his separation in 1958. Thus, his service under that appointment was not creditable under the CSRA, as required by 5 U.S.C. § 8333.

## CONCLUSION

For the foregoing reasons, the decision of the Board is

*AFFIRMED.*

## COSTS

No costs.