Purification REVADILO, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3234.

United States Court of Appeals, Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

## ORDER

LOURIE, Circuit Judge.

Purification Revadilo and the Office of Personnel Management (OPM) respond to the issue whether this petition for review should be dismissed as frivolous.

Revadilo petitioned this court for review of a Merit Systems Protection Board decision denying her request for a survivor annuity under the Civil Service Retirement System (CSRS). In the initial decision, the administrative judge determined that Revadilo was not entitled to a CSRS survivor annuity because her late husband's federal service during the period of July 20, 1946 to June 30, 1953 was less than five years, and all of Mr. Revadilo's service thereafter was pursuant to excepted indefinite or temporary appointments. *See Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's interpretation that an indefinite appointment is excluded from CSRS coverage); *see also Casilang v. Office of Personnel Management*, 248 F.3d 1381, 1383 (Fed.Cir.2001) (holding that the revocation of Executive Order No. 10,180 in 1955 did not automatically convert indefinite, excluded appointments into appointments covered by the CSRA because Executive Order No. 10,530 "kept in place the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180 until the Civil Service Commission promulgated new regulations, which it did in 1956.")

Revadilo argues in her response that her case differs from *Rosete* and *Casilang* because, among other things, her husband's "initial duty was covered by ... the 1942 Act Amendments to the CSRS ... and because he was on active rolls when the 1956 Act took effect, October 1, 1956, he was automatically ... covered[.]" Revadilo further asserts that Executive Order 10,180 "does not apply to foreign nationals employed outside of the United States." We conclude that these and Revadilo's remaining arguments fall within the holdings of *Rosete* and *Casilang*.

Revadilo seeks review of issues that were conclusively decided in *Rosete* and *Casilang*. This court has denied suggestions for rehearing en banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Revadilo files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz*, 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *See Pillay v. Immigration and Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration).

Accordingly,

IT IS ORDERED THAT:

(1) Revadilo's petition for review is dismissed.

(2) Revadilo's motion for leave to proceed in forma pauperis is moot.

(3) If Revadilo files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions.