Before MAYER, Chief Judge, NEWMAN, and CLEVENGER, Circuit Judges.

PER CURIAM.

Benjamin N. Torres seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying his request for a retirement annuity pursuant to the Civil Service Retirement Act ("Act"). *Torres v. Office of Pers. Mgmt.*, No. SE0831000093–I–1, 2001 WL 219397 (Merit Sys. Prot. Bd. Feb. 23, 2001). We *affirm*.

**Benjamin N. TORRES, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3221.

United States Court of Appeals, Federal Circuit.

Oct. 9, 2001.

I

Mr. Torres sought a retirement annuity based on his two tours of service with the federal government, from October 21, 1950 to October 13, 1951, and from June 30, 1954 until October 5, 1961. OPM determined the positions in which Mr. Torres served during those times did not qualify him for a retirement annuity under the

Act. When OPM ratified its initial unfavorable decision on Mr. Torres's request for reconsideration, he sought review before the Board.

The Administrative Judge assigned to hear Mr. Torres's appeal set forth, in a careful and thorough opinion, the reasons why Mr. Torres's federal service does not entitle him to a retirement annuity. With regard to his first span of service, the statute covering that time (the Civil Service Retirement Act of 1942) required that he serve for five years to gain entitlement to an annuity. Act of January 24, 1942, ch. 16, § 5, 56 Stat. 13, 16 (1942). Since he served for less than five years in his first posting, his time in that position alone did not entitle him to an annuity. With regard to his second posting, his position was an indefinite appointment, and such service does not qualify for a retirement annuity. 5 C.F.R. § 831.201(a)(12) (2001) (excluding from coverage employees serving under nonpermanent appointments). Furthermore, Mr. Torres did not complete one year of covered service during the last two years of his second posting, thus further disqualifying his service for an annuity. *See* 5 U.S.C. § 8333(b) (2000). Finally, none of the SF–50 papers documenting his service indicates that he had any coverage under the Act, and no evidence exists to show that any deductions from Mr. Torres's paychecks were made to pay for his requested annuity.

No federal employee may receive a retirement annuity unless he can show some amount of service that is covered by the Act. Because Mr. Torres made no such showing, the Administrative Judge affirmed OPM's denial of his request for benefits.

Mr. Torres unsuccessfully sought review of the Administrative Judge's decision before the full Board, and the petition for review in this court followed.

## II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Mr. Torres's challenges to the Board's analysis of his periods of work compared to the requirements for an annuity must be dismissed. The Board made no error in its analysis: Since the record shows no service by Mr. Torres that is covered by the Act, he is not entitled to a retirement annuity under the Act. In addition, his argument that his service became qualified for an annuity by the revocation of Executive Order 10,180, 3 C.F.R. § 363 (1949–1953) (which made his appointment indefinite and thus excluded from the Act's coverage), must also be rejected. We have recently considered that argument and have determined that the revocation in 1954 of Executive Order 10,180 by Executive Order 10,577, 3 C.F.R. 218, 225 (1954–1958), had no effect on the exclusion of indefinite appointments because Executive Order 10,530, 3 C.F.R. 189, 193 (1954–1958), kept in place the exclusion of indefinite positions from coverage under the Act. *Casilang v. Office of Pers. Mgt.,* 248 F.3d 1381, 1383 (Fed.Cir. 2001).

Because there is no error in the final decision of the Board, we affirm its decision.