**Sebastian DOLOJAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01-3135.**

United States Court of Appeals, Federal Circuit.

Nov. 1, 2001.

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Sebastian Dolojan seeks review of the final decision of the Merit Systems Protection Board affirming the Office of Personnel Management's ("OPM") denial of his application for an annuity under the Civil Service Retirement Act ("CSRA"), 5 U.S.C. § 8333 (1996). *Dolojan v. OPM,* No. SE0831000292–I–1 (MSPB Dec. 22, 1999). Because the board did not err in interpreting the CSRA and its related regulations, we *affirm.*

## DISCUSSION

The scope of our review in an appeal from a decision of the board is limited. We must affirm the board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

To qualify for entitlement to a civilian retirement annuity, (1) an employee must have completed at least five years of creditable civilian service; (2) at least one year within the last two years before separation from service must have been covered civilian service; and (3) contributions to the Civil Service Retirement Fund must have been deducted with respect to his last five years of civilian service. *See* 5 U.S.C. § 8333 (1996). Employees separated on or before August 30, 1954 were entitled to an annuity if they had five years of creditable civilian service ending in separation from a position covered by the Civil Service Retirement System ("CSRS"), even if they did not spend one full year of the last two years of service in a covered position. *See* Act of January 24, 1942, 56 Stat. 13, 16; *Hawco v. OPM,* 52 M.S.P.R. 290, 293 (1992).

In examining Mr. Dolojan's claim, the board found that Mr. Dolojan was first employed by the Department of the Navy at Subic Bay in the Philippines, from March 3, 1948 to June 22, 1949. Mr. Dolojan did not appear to dispute that this fifteen-month period of service was insufficient to meet the five-year requirement under the then-applicable statute.

The board also found that Mr. Dolojan again served as a civilian employee with the Department of the Navy from December 6, 1950 to July 10, 1970. It found that he served under an excepted temporary intermittent appointment beginning on December 6, 1950, and which was converted to an excepted appointment, specifically designated as "indefinite" on December 10, 1951. With respect to this second period of service, Mr. Dolojan argues that he is eligible for an annuity under the previous version of the CSRA, Pub.L. No. 426, ch.

84, § 1, 62 Stat. 48, 50–51 (1948) (amending the Civil Service Retirement Act of May 29, 1930) (current version at 5 U.S.C. § 8333 (1996)).

At the time of Mr. Dolojan's 1950 appointment, Executive Order No. 10,180, sections 1, 3, 3 C.F.R. 363 (1949–1953) excluded indefinite employees from CSRA coverage. That Executive Order was revoked effective January 23, 1955. *See* Executive Order No. 10,577, 19 Fed.Reg. 7521 (1954). An equivalent exclusion of nonpermanent appointments designated as indefinite was reimposed by regulation on October 30, 1956. *See* 5 C.F.R. § 29.2(a)(14) (1957). This court has determined that, despite certain dissimilarities in the language of Executive Order 10,180 and the regulation that replaced it, "it is clear that E.O. 10,180 is the source of the current regulation, 5 C.F.R. § 831.201(a)(13), and that this regulation has been consistently applied by OPM (and the former Civil Service Commission) for more than forty years." *Rosete v. OPM*, 48 F.3d 514, 519 (Fed.Cir.1995).

In spite of the consistent exclusion of indefinite employees from the CSRS, as affirmed in *Rosete*, during the 21 months between the revocation of Executive Order 10,180 and the promulgation of the regulation that replaced it, Mr. Dolojan argues that there was no statutory or regulatory provision excluding indefinite employees from the CSRS. Mr. Dolojan relies on the suggestion in *Austria v. OPM*, 78 M.S.P.R. 396, 397–401 (1998) (Slavet, Vice Chair, concurring), that some employees who were given indefinite appointments during that period are entitled to CSRS coverage. He contends that the revocation of Executive Order 10,180 conferred coverage for his service under the 1948 version of the CSRA. He further argues that the "conti-

nuity-of-coverage" rule, which provides that coverage will extend to "employment in an excluded category [that] follows employment subject to the act without a break in service," afforded coverage to all service subsequent to his appointment, and thus establishes his entitlement to an annuity. 5 C.F.R. § 29.2(b)(1) (1957).

However, such an exception to the rule excluding employees with indefinite appointments from coverage under the CSRA could apply only to those employees actually appointed during the regulatory gap from January 23, 1955 to October 30, 1956. *See Segovia v. OPM*, 85 M.S.P.R. 693, 695 (2000). Although Mr. Dolojan was employed in the excepted service during that time, there is no record evidence that he received an appointment during that period. Rather, the board determined that the only evidence indicated that Mr. Dolojan was in the excepted service, and that there was no evidence that his 1950 appointment was from a competitive civil service register.

Further, we recently considered that argument and determined that the revocation in 1954 of Executive Order 10,180 by Executive Order 10,577, had no effect on the exclusion of indefinite appointments because Executive Order 10,530, 3 C.F.R. 189, 193 (1954–1958), kept in place the exclusion of indefinite positions from coverage under the CSRA. *Casilang v. OPM*, 248 F.3d 1381, 1383 (Fed.Cir.2001).

Finally, as the board noted, none of Mr. Dolojan's personnel forms reflected any qualifying contributions at any time during his service. Instead, the record contains numerous Standard Form 50's ("SF–50") describing Mr. Dolojan's second period of service that indicate that his service was not subject to CSRA coverage. Although Mr. Dolojan points to the entry of the

880

number "1" in the tenure box of his final SF–50 to indicate his "permanent" status, the board found that the same SF–50 clearly indicates that Mr. Dolojan was in the excepted service, and that his retirement payment was to be twenty months salary pursuant to the Collective Bargaining Agreement. The board properly found that these facts contribute to the conclusion that Mr. Dolojan is not entitled to an annuity under the CSRA. *See Rosete,* 48 F.3d at 519–20; *Reyes v. OPM,* 60 M.S.P.R. 172, 175 (1993).

Mr. Dolojan cannot show that at least one of his last two years of service qualified as covered service to be entitled to an annuity under the current version of the CSRA, applicable to his 1970 separation. 5 U.S.C. § 8333(b). Because indefinite appointments are specifically excluded from CSRA coverage by 5 C.F.R. § 831.201(a)(13), his last two years of service were not in a covered position. Nor can he show that he was separated from service before October 30, 1956, with five years of creditable service, ending in a covered position. We therefore have no authority to award him retirement benefits over the lump sum payment he received under the Collective Bargaining Agreement. The board did not err in affirming OPM's denial of his request for an annuity.

No Costs.