**Efren E. NAVAL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3172.**

United States Court of Appeals, Federal Circuit.

Nov. 8, 2001.

Rehearing Denied Jan. 3, 2002.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Efren E. Naval seeks review of the final decision of the Merit Systems Protection Board (Board), No. SE–0831–00–0230–I–1, affirming the reconsideration decision of the Office of Personnel Management (OPM) denying his application for a deferred retirement annuity under the Civil Service Retirement System (CSRS). We *affirm.*

Mr. Naval sought a retirement annuity based on his civilian employment by the Department of the Navy at Subic Bay in the Phillipines from April 26, 1956, to July 13, 1990, when he retired. Mr. Naval was employed in a series of positions during that period without any breaks in service. As documented in several Notification of Personnel Action forms, all of Mr. Naval's positions were indefinite appointments in the excepted service. Those forms indicate Mr. Naval's retirement status as "none" or "other," and there is no evidence of record that shows any retirement deductions were taken from Mr. Naval's pay. Additionally, the form documenting Mr. Naval's retirement indicates that he was entitled to receive retirement pay under a collective bargaining agreement. Based on this evidence, the Board determined that Mr. Naval did not qualify for a CSRS annuity.

We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). We find no such deficiencies in this case.

■ Because Mr. Naval separated from service after July 31, 1956, he is entitled to a CSRS retirement annuity only if he meets the requirements of the current Civil Service Retirement Act (CSRA), Pub.L. No. 64–584, 70 Stat. 736 (1956); 5 U.S.C. § 8333 (2000). The CSRA requires, inter alia, completion of at least five years of creditable civilian service, with at least one of the last two years prior to separation qualifying as covered service. 5 U.S.C. § 8333(a), (b). While most service as an employee of the federal government is creditable service, covered service is more limited in scope, requiring an appointment subject to the CSRA and, typically, the withdrawal of retirement contributions from the employee's pay. *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed.Cir. 1995).

■ Although Mr. Naval completed more than five years of creditable service, he does not qualify for a retirement annuity under CSRS because his service pursuant to a series of indefinite appointments is excluded from coverage under the CSRA. 5 C.F.R. § 831.201(a)(13) (2001) (excluding from coverage employees serving under indefinite appointments made after January 23, 1955). This conclusion is consistent with Mr. Naval's service records, which indicate that his positions were not subject to the CSRA, retirement contributions were not withheld from his paycheck, and he was entitled to retirement pay under a collective bargaining agreement.

Mr. Naval argued before the Board that his first appointment was covered by the CSRA because it occurred during a 21–month period between January 23, 1955, and October 30, 1956, when there was no exclusion of indefinite appointments from CSRA coverage. The Board concluded that any coverage Mr. Naval may have had was negated in 1965 by a regulation amended to expressly exclude from coverage alien employees working in a foreign country. *See* 5 C.F.R. § 831 .201(b) (1965). It is unnecessary for us to address that holding, however, in light of this court's recent decision in *Casilang v. Office of Personnel Management*, 248 F.3d 1381 (Fed.Cir.2001). Effective January 23, 1955, Executive Order No. 10,577, 3 C.F.R. 218, 225 (1954–1958), revoked Executive Order No. 10,180, 3 C.F.R. 363 (1949–1953), which provided that, subject to certain exceptions, all appointments in the executive branch would be made on a nonpermanent basis, and that employees given such nonpermanent appointments would be excluded from the CSRA.[1] *Casilang*, 248 F.3d at 1382–83. While Executive Order No. 10,577 lifted the ban on nonpermanent appointments provided in Executive Order No. 10,180, it had no effect on the exclusion of nonpermanent appointments from CSRA coverage because Executive Order No. 10,530, 3 C.F.R. 189, 193 (1954–1958), kept that exclusion in place until the Civil Service Commission promulgated new regulations, effective October 30, 1956. *Casilang*, 248 F.3d at 1383 (citing 5 C.F.R. § 29.2 (1957) (excluding nonpermanent, indefinite appointments from CSRA)). Thus, the exclusion of non-

---

1. Indefinite appointments are a subset of nonpermanent appointments. *See Rosete,* 48 F.3d at 519.

permanent appointments continued during the period between January 23, 1955, and October 30, 1956, and therefore Mr. Naval's indefinite appointment during that period was excluded from CSRA coverage.

We have considered Mr. Naval's other arguments and find them to be without merit. Because we discern no error in the Board's final decision that Mr. Naval is not entitled to a deferred annuity under CSRS, we affirm.