Alejandrino MANANGAN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,
Respondent.

No. 01–3323.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 1, 2002.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

*ORDER*

GAJARSA, Circuit Judge.

Alejandrino Manangan responds to the issue whether his petition for review should be dismissed.

Manangan petitioned this court for review of a Merit Systems Protection Board decision denying his request for a deferred retirement annuity under the Civil Service Retirement System (CSRS). In the initial decision, the administrative judge determined that Manangan was not entitled to a Civil Service Retirement Act (CSRA) annuity because his service was pursuant to excepted temporary or indefinite appointments. *See Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's interpretation that an indefinite appointment is excluded from CSRS coverage); *see also Casilang v. Office of Personnel Management,* 248 F.3d 1381, 1383 (Fed.Cir.2001) (holding that the revocation of Executive Order No. 10,180 in 1955 did not automatically convert indefinite, excluded appointments into appointments covered by the CSRA because Executive Order No. 10,530 "kept in place the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180 until the Civil Service Commission promulgated new regulations, which it did in 1956.").

Manangan argues in his response that his case differs from *Rosete* and *Casilang* because at the time of his entry into service on April 20, 1956 under an excepted indefinite appointment, the regulations excluding his appointment from CSRA coverage were not effective and Executive Order No. 10,180 had been revoked.

Manangan seeks review of issues that were conclusively decided in *Rosete* and *Casilang.* This court has denied suggestions for rehearing en banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Manangan files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *See Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration).

Accordingly,

IT IS ORDERED THAT:

(1) Manangan's petition for review is dismissed.

(2) Manangan's motion for leave to proceed in forma pauperis is moot.

(3) If Manangan files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions.