**Victor VILLAFLOR, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 01–3356.**

United States Court of Appeals,
Federal Circuit.

March 1, 2002.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

ORDER

GAJARSA, Circuit Judge.

The court ordered Victor Villaflor to show cause why his petition for review should not be dismissed as frivolous. Villaflor has not responded. The court considers whether Villaflor's petition for review should be dismissed.

Villaflor petitioned this court for review of a Merit Systems Protection Board decision denying his application for a deferred annuity under the Civil Service Retirement Act (CSRA) based on various periods of service commencing in 1945 and ending in 1981. In the initial decision, the administrative judge (AJ) determined that Villaflor was not entitled to a Civil Service Retirement System (CSRS) annuity because his three periods of service before 1954 were each less than five years and thus did not qualify him for an annuity

under the 1942 CSRA. The AJ further determined that Villaflor's service between 1950 and 1981 was ineligible for coverage because that service was pursuant to excepted indefinite/temporary appointments. *See Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's interpretation that an indefinite appointment is excluded from CSRS coverage); *see also Casilang v. Office of Personnel Management,* 248 F.3d 1381, 1383 (Fed.Cir.2001) (holding that the revocation of Executive Order No. 10,180 in 1955 did not automatically convert indefinite, excluded appointments into appointments covered by the CSRA because Executive Order No. 10,530 "kept in place the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180 until the Civil Service Commission promulgated new regulations, which it did in 1956.").

The AJ properly rejected Villaflor's argument "that because he was employed during a 21-month period from January 23, 19[5]5, to October 30, 1956, during which the exclusions from coverage were not in force, his employment 'automatically' came under the CSRA through the continuity-of-coverage rule." *See Casilang,* 248 F.3d at 1383. The AJ refused to consider documents pertaining to other individuals as evidence of entitlement, relying on *Herrera v. United States,* 849 F.2d 1416, 1417–18 (summarily dismissing argument based on comparison to other employees granted retirement benefits). The AJ further rejected Villaflor's assertion "that the fact that he was classified in tenure group 1 at the time of his retirement[ ] meant he was entitled to retirement coverage." The AJ found Villaflor's personnel records to be "substantially complete" and found "no evidence that he was ever covered under the CSRA[,]" noting that Villaflor had received retirement pay under a collective bargaining agreement. Under these circumstances, Villaflor's tenure grouping argument is unpersuasive. *See Rosete,* 48 F.3d at 519–20.

Villaflor seeks review of issues that were conclusively decided in *Rosete* and *Casilang.* This court has denied suggestions for rehearing en banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Villaflor files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *See Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration).

Accordingly,

IT IS ORDERED THAT:

(1) Villaflor's petition for review is dismissed.

(2) Villaflor's motion for leave to proceed in forma pauperis is moot.

(3) If Villaflor files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions.