**Gregoria SALLUTAN, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 01–3320.

United States Court of Appeals,
Federal Circuit.

March 1, 2002.

Before MAYER, Chief Judge, LOURIE
and GAJARSA, Circuit Judges.

ORDER

GAJARSA, Circuit Judge.

Gregoria Sallutan responds to the issue whether her petition for review should be dismissed.

Sallutan petitioned this court for review of a Merit Systems Protection Board decision denying her request for survivor annuity benefits under the Civil Service Retirement System (CSRS) based on her deceased husband's civilian federal service. In the initial decision, the administrative judge (AJ) determined that Sallutan was not entitled to a Civil Service Retirement Act (CSRA) annuity because her husband's service from August 15, 1945 to May 3, 1949 was less than five years and a subsequent period of service between 1951 and 1977 was pursuant to an excepted indefinite appointment. *See Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's interpretation that an indefinite appointment is excluded from CSRS coverage; *see also Casilang v. Office of Personnel Management,* 248 F.3d 1381, 1383 (Fed.Cir.2001) (holding that the revocation of Executive Order No. 10,180 in 1955 did not automatically convert indefinite, excluded appointments into appointments covered by the CSRA because Executive Order No. 10,530 "kept in place the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180 until the Civil Service Commission promulgated new regulations, which it did in 1956."). The AJ further rejected Sallutan's claim that her husband had creditable service working for the Philippine Insular Government from 1925 to 1930 based on insufficient evidence and noting that Mr. Sallutan would have been only eight years old in 1925.

In her response, Sallutan makes numerous arguments that we conclude are with-

out merit. Her petition seeks review of issues that were conclusively decided in *Rosete* and *Casilang*. This court has denied suggestions for rehearing en banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Sallutan files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *See Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration).

Accordingly,

IT IS ORDERED THAT:

(1) Sallutan's petition for review is dismissed.

(2) Sallutan's motion for leave to proceed in forma pauperis is moot.

(3) If Sallutan files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions.