**Edgardo G. LEGASPI, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3074.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 8, 2002.

Rehearing Denied Jan. 8, 2003.

Before LOURIE, BRYSON, and DYK, Circuit Judges.

_____

## DECISION

PER CURIAM.

Edgardo G. Legaspi petitions for review of the decision of the Merit Systems Protection Board, Docket No. SE–0831–00–0255–I–1, 90 M.S.P.R. 453, ruling that he is not entitled to retirement benefits pursuant to the Civil Service Retirement Act ("CSRA"). The Board upheld the decision of the Office of Personnel Management ("OPM") denying Mr. Legaspi's request for a deferred annuity because his service did not satisfy the requirements of the CSRA. We *affirm*.

## BACKGROUND

Mr. Legaspi's claim to a civil service retirement annuity is based on his civilian employment as an Engineman with the Department of the Navy at the Subic Bay Naval Base in the Philippines. He was appointed to that position on April 30, 1956. His appointment was an indefinite appointment in the excepted service. He was separated from that position on September 5, 1977. He subsequently received a temporary appointment in the excepted service on February 6, 1980, which the Navy extended until September 29, 1980. On that date, his temporary appointment was converted to an indefinite appointment, and he continued in that status until November 15, 1981, at which time he retired.

On August 30, 1999, Mr. Legaspi applied for a deferred annuity under the CSRA. OPM denied his application on the ground that he had not satisfied the statutory requirement that he complete five years of creditable service followed by separation from a covered position. Mr. Legaspi appealed to the Board, contending that he was entitled to CSRA coverage because his 1956 appointment occurred between the January 23, 1955, repeal of Executive Order No. 10,180, which had excluded employees serving under indefinite appointments from CSRA coverage, and the October 30, 1956, effective date of the regulation that renewed the exclusion of indefinite appointment employees from CSRA coverage.

The Board held that Mr. Legaspi was covered by the CSRA at that time of his appointment in 1956, on the ground that Executive Order No. 10,180 had been rescinded and no regulation excluded him from coverage. In addition, the Board ruled that the October 30, 1956, regulation did not terminate his coverage, because he was subject to the continuity-of-coverage rule; under that rule, an exclusion from

CSRA coverage does not affect an employee in an excluded category if the employment in the excluded category follows employment in a covered position without a break in service. The Board concluded that his service after 1965 was not covered by the CSRA, however, because at that time the continuity-of-coverage rule was made inapplicable to alien employees whose duty stations are located in a foreign country.

Notwithstanding its conclusion that Mr. Legaspi had creditable service during the period between 1956 and 1965, the Board concluded that he was not entitled to CSRA retirement benefits. The Board noted that the employment documents in Mr. Legaspi's file reflect he was not subject to the CSRA retirement provisions, and it found no indication that retirement contribution deductions were ever withheld from his pay. For that reason, the Board concluded that Mr. Legaspi had failed to show that he had served in a covered position in one of the last two years of his service preceding his separation in 1977 and thus did not qualify for a CSRA annuity. Furthermore, the Board determined that Mr. Legaspi's service in 1980 and 1981 was excluded from CSRA coverage by the regulations that established that, as of that time, employees with indefinite appointments and temporary appointments of less than one year were not entitled to CSRA coverage. *See* 5 C.F.R. § 831.201(a)(1), (13). The personnel documents for the positions he held during 1980 and 1981 also reflected that he was not eligible for CSRA retirement benefits.

## DISCUSSION

To qualify for a retirement annuity, an employee must have completed at least five years of creditable service, and during at least one of the two years of service prior to separation, the employee's service must have been covered by the CSRA. 5 U.S.C. § 8333(a), (b). While most employment by the federal government is creditable service, covered service is more limited in scope, including only service that is not explicitly excluded from coverage by law or regulation and requiring that retirement contributions be withdrawn from the employee's pay. *Rosete v. Office of Personnel Mgmt.*, 48 F.3d 514, 516 (Fed.Cir. 1995). Because Mr. Legaspi's indefinite appointment in the excepted service was excluded from coverage under the CSRA under 5 C.F.R. § 831.201(a)(13), he does not qualify for a retirement annuity. That conclusion is consistent with the retirement notations on his personnel records and the fact that retirement contributions were not withheld from his paycheck.

The Board was incorrect in concluding that Mr. Legaspi's service was covered by the CSRA on the ground that his appointment occurred during the period between January 23, 1955, and October 30, 1956. In the Board's view, that time period was one in which indefinite appointments were not excluded from CSRA coverage. Executive Order No. 10,180, which was issued in 1950, excluded persons with nonpermanent appointments (including indefinite employees) from CSRA coverage. That executive order was revoked by Executive Order No. 10,577 in 1954. In a decision handed down after the Board's decision in this case, however, this court has held that another executive order, Executive Order No. 10,530, "kept in place the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180, until the Civil Service Commission promulgated new regulations, which it did in 1956." *Casilang v. Office of Personnel Mgmt.*, 248 F.3d 1381, 1383 (Fed. Cir.2001). Therefore, the exclusion of nonpermanent, indefinite appointments continued during the period in which Mr. Legaspi was first appointed to his position, and his service was therefore excluded from CSRA coverage throughout the period that he held that position.

Mr. Legaspi contends that his case is distinguishable from *Casilang* because his appointment actually began during the period between Executive Order No. 10,577 and the new regulation, while Casilang's appointment preceded that time period. However, *Casilang* simply held that the exclusion coverage that had been effected by Executive Order No. 10,180 remained in effect throughout the period until the Civil Service Commission adopted that position by regulation. The rationale of *Casilang* was not limited to cases in which appointments were made after the promulgation of Executive Order No. 10,577.

In light of *Casilang*, it is unnecessary for us to address Mr. Legaspi's argument that 5 C.F.R. § 831.201(b) did not apply to terminate his continuity-of-coverage in 1965 because, as a Philippine national stationed in the Philippines, he was not an alien stationed in a foreign country. Because Mr. Legaspi never enjoyed CSRA coverage, there was no coverage to continue. Similarly, we need not address Mr. Legaspi's argument that he is entitled to an annuity under 5 U.S.C. § 8338(a) because the 1965 promulgation of the regulation regarding alien employees stationed in foreign countries constituted either an involuntary separation of service or a transfer of position. Again, because Mr. Legaspi was at no time within covered service, there was no transfer from CSRA coverage to non-coverage at that time or any other.

We have considered Mr. Legaspi's other arguments and find them to be without merit. While Mr. Legaspi notes that some of his SF–50 forms designate his tenure group as group 1, suggesting that he was a permanent employee, this court has held that such a designation is not determinative. *See, e.g., Rosete,* 48 F.3d at 519–20. As in *Rosete*, other parts of the pertinent forms that specifically address civil service retirement coverage indicate there was no coverage. Evidence of nonpermanent status thus outweighs the evidence that he held a permanent appointment. We also reject Mr. Legaspi's argument that Executive Order No. 10,180 and the regulation excluding employees with indefinite appointments from CSRA coverage do not apply to the excepted service. Nothing in the executive order or the regulation limits their application to the competitive service, and this court has repeatedly applied the order and regulation to employees in the excepted service. *See, e.g., Casilang,* 248 F.3d at 1382–83; *Rosete,* 48 F.3d at 515–20. For the same reasons, we reject Mr. Legaspi's contention that the orders and regulations do not apply to foreign nationals. Finally, substantial evidence supports the Board's determination that Mr. Legaspi's temporary and indefinite appointments in 1980 and 1981 were not covered by the CSRA. Accordingly, we affirm the Board's decision that Mr. Legaspi is not entitled to a deferred annuity under the CSRA.