**Ricardo CASEJA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3280.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 27, 2002.

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

*ORDER*

PAULINE NEWMAN, Circuit Judge.

Ricardo Caseja responds to the issue of whether the Merit Systems Protection

Board's decision should be summarily affirmed.

Caseja was employed by the United States Department of the Navy in the Philippines from 1954 to 1992. OPM determined that Caseja had never served in a position that was subject to the Civil Service Retirement System (CSRS) and denied his application for a retirement annuity. Caseja appealed to the Board. In the initial decision, the administrative judge sustained OPM's decision, determining that Caseja was not entitled to a CSRS annuity because his service was pursuant to an excepted indefinite appointment. After the initial decision became the final decision of the Board, Caseja petitioned this court for review.

Caseja argues in his response that his case differs from *Rosete* because his employment was "converted" into covered service by the 1956 CSRA. Caseja further asserts that Executive Order 10,180 does not apply to foreign nationals employed in their home country. We conclude that these and Caseja's remaining arguments fall within the holdings of *Rosete* and *Casilang*.

Summary disposition "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir. 1994). The Board correctly concluded that Caseja's service was in a nonpermanent, indefinite appointment that was specifically excluded from coverage under the Civil Service Retirement Act. *See* 5 C.F.R. § 831.201(a)(13); *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir. 1995); *Casilang v. Office of Personnel Management*, 248 F.3d 1381, 1383 (Fed. Cir.2001). The Board also noted that CSRS retirement deductions were never withheld from Caseja's salary and that all of the SF–50s documenting Caseja's service specified either that he was not covered by a retirement plan or that he was covered by a plan other than the CSRS. *See* 5 U.S.C. § 8334(a); *Rosete v. Office of Personnel Management*, 48 F.3d at 519–520. Because we agree with the Board that Caseja was not entitled to CSRS benefits and no substantial question is presented in this petition for review, summary disposition is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The Board's decision is summarily affirmed.

(2) Caseja's motion for leave to proceed in forma pauperis is moot.

(3) Each side shall bear its own costs.