**Facundo S. ENCARNADO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 02–3338.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 26, 2003.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

Facundo S. Encarnado responds to the issue of whether his petition for review should be dismissed.

Encarnado petitions this court for review of a Merit Systems Protection Board decision denying his request for an annuity under the Civil Service Retirement System (CSRS). In the initial decision, the chief administrative judge determined that Encarnado was not entitled to a CSRS annuity because his service was pursuant to an excepted indefinite appointment. *See Casilang v. Office of Personnel Management*, 248 F.3d 1381 (Fed.Cir.2001) (Executive Order 10,530 kept in place exclusion of nonpermanent employees from CSRA until new regulations promulgated in 1956); *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's statutory interpretation that indefinite appointments are excluded from Civil Service Reform Act coverage as reasonable and consistent with the governing statute, 5 U.S.C. § 8347(g)).

Encarnado argues in his response that his case differs from *Rosete* because his employment was "converted" into covered service by the 1956 CSRA. Encarnado further asserts that Executive Order 10,180 does not apply to foreign nationals employed in their home country. We conclude that these and Encarnado's remaining arguments fall within the holdings of *Rosete* and *Casilang*.

Encarnado's petition seeks review of issues that were conclusively decided in *Rosete*. This court has denied suggestions for rehearing en banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of

**434**

*Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Encarnado files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *see also Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration).

Accordingly,

IT IS ORDERED THAT:

(1) Encarnado's petition for review is dismissed.

(2) Encarnado's motion for leave to proceed in forma pauperis is moot.

(3) Each side shall bear its own costs.

(4) If Encarnado files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions.