**Mario BAYLON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3314.

United States Court of Appeals, Federal Circuit.

Feb. 26, 2003.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

Mario Baylon responds to the issue of whether his petition for review should be dismissed.

Baylon petitions this court for review of a Merit Systems Protection Board decision denying his request for an annuity under the Civil Service Retirement System (CSRS). In the initial decision, the administrative judge determined that Baylon was not entitled to a CSRS annuity because his service was pursuant to an excepted indefinite appointment. *See Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's statutory interpretation that indefinite ap-

pointments are excluded from Civil Service Reform Act coverage as reasonable and consistent with the governing statute, 5 U.S.C. § 8347(g)).

Baylon argues in his response that his case differs from *Rosete* because his employment was "converted" into covered service by the 1956 CSRA. Baylon further asserts that Executive Order 10,180 does not apply to foreign nationals employed in their home country. We conclude that these and Baylon's remaining arguments fall within the holdings of *Rosete* and *Casilang v. Office of Personnel Management,* 248 F.3d 1381, 1383 (Fed.Cir.2001).

Baylon's petition seeks review of issues that were conclusively decided in *Rosete*. This court has denied suggestions for rehearing en banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Baylon files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *see also Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration).

Accordingly,

IT IS ORDERED THAT:

(1) Baylon's petition for review is dismissed.

(2) Baylon's motion for leave to proceed in forma pauperis is moot.

(3) Each side shall bear its own costs.

(4) If Baylon files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions.