**Gerardo A. LABASAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 03–3145.**

United States Court of Appeals, Federal Circuit.

July 2, 2003.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

### ORDER

LOURIE, Circuit Judge.

Gerardo A. Labasan responds to the issue whether his petition for review should be dismissed as frivolous. The Office of Personnel Management responds and requests that the court dismiss Labasan's petition for review or, in the alternative, summarily affirm the Merit Systems Protection Board's decision.*

Labasan petitions this court for review of a Board decision denying his request for an annuity under the Civil Service Retirement System (CSRS). In the initial decision, the administrative judge determined that Labasan was not entitled to a CSRS annuity because his service was pursuant to excepted indefinite appointments beginning on December 8, 1954 that were specifically excluded from coverage. *See Rosete*

*v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's statutory interpretation that indefinite appointments are excluded from Civil Service Reform Act coverage as reasonable and consistent with the governing statute, 5 U.S.C. § 8347(g)).

Labasan argues in his response that his case differs from *Rosete* because he had "automatic coverage under Civil Service Retirement legislation through Public Law 84–854, which [took effect] on October 1, 1956, never present in *Rosete.*" Labasan further asserts that *Casilang v. Office of Personnel Management,* 248 F.3d 1381, 1383 (Fed.Cir.2001) was "erroneously decided" and that Executive Order 10,180 does not apply to foreign nationals employed in their home country. We conclude that these and Labasan's remaining arguments fall within the holdings of *Rosete* and *Casilang.*

This court has denied suggestions for rehearing in banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Labasan files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *see also Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably merito-

---

* OPM's motion for an extension of time to respond is granted.

rious issue for consideration); *compare Mallard v. United States Dist. Court,* 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (28 U.S.C. § 1915(d) authorizes federal courts to dismiss frivolous claim filed in forma pauperis, but there is "little doubt they would have power to do so even in the absence of this statutory provision").

Accordingly,

IT IS ORDERED THAT:

(1) Labasan's petition for review is dismissed as frivolous.

(2) Labasan's motion for leave to proceed in forma pauperis is moot.

(3) OPM's alternative motion to summarily affirm is moot.

(4) Each side shall bear its own costs.