Ellis Merritt, Jr., Principal Attorney, Federal Deposit Insurance Corporation, Dallas, TX, John V. Thomas, of Counsel Attorney, John M. Dorsey, III, of Counsel Attorney, Gary Allen Kuiper, of Counsel Attorney, Federal Deposit Insurance Corporation, Washington, DC, Plaintiff–Appellee.

David M. Cohen, Principal Attorney, Jeanne E. Davidson, of Counsel Attorney, William F. Ryan, of Counsel Attorney, Jeffery T. Infelise, of Counsel Attorney, Department of Justice, Washington, DC, for Defendant–Appellee.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

*AFFIRMED. See* Fed. Cir. R. 36.

**Gabriel C. ESTRELLA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 04–3144.

United States Court of Appeals, Federal Circuit.

July 12, 2004.

Rehearing En Banc Denied Sept. 20, 2004.

Gabriel C. Estrella, Zambales, Philippines, pro se.

Kelly B. Blank, James M. Kinsella, David M. Cohen, Department of Justice, Washington, DC, for Respondent.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

### DECISION

Gabriel C. Estrella appeals from the decision of the Merit Systems Protection Board affirming the Office of Personnel Management's ("OPM's") denial of his application for a deferred retirement annuity pursuant to the Civil Service Retirement Act ("CSRA"). *Estrella v. Office of Pers.*

*Mgmt.*, No. SE–0831–02–0351–I–1, 2003 WL 23104845 (M.S.P.B. Dec. 24, 2003) (*"Final Decision"*). We *affirm.*

## BACKGROUND

Mr. Estrella was employed by the Department of the Navy beginning in December 1954. He held an excepted and indefinite civilian appointment that terminated in April 1987 when he voluntarily retired. Estrella's personnel action forms indicated that his retirement coverage was "none" or "other"; his "other" coverage referred to retirement pay pursuant to a collective bargaining agreement executed in April 1986.

In September 1999, Estrella applied for a civil service deferred retirement annuity. The OPM determined that Estrella's service was not covered by the CSRA, and it consequently denied his application in May 2002. Upon Estrella's request for reconsideration, the OPM found that his service was an "Excepted Indefinite" appointment, excluded from the Civil Service Retirement System ("CSRS"), and the OPM affirmed its initial decision.

Estrella appealed to the Board in August 2002, arguing that his service was automatically converted to covered service by the 1956 amendments to the CSRA because he met the general definition of "employee" under 5 U.S.C. § 2105(a). The Administrative Judge ("AJ") was not persuaded and affirmed the OPM's reconsideration decision. Estrella petitioned for review by the full Board, which found that he had presented no new evidence and that the AJ had not committed any error in law or regulation that affected the outcome. The Board thus denied Estrella's petition, and he appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed.Cir. 2003).

On appeal, Estrella renews his argument that he acquired "covered" status by virtue of the 1956 amendments to the CSRA. He claims that those amendments reversed the exclusion by Executive Order 10,180, 15 Fed.Reg. 7745 (Nov. 13, 1950), of indefinite appointments from CSRS coverage. He argues that the transfer of authority from the Executive Branch to the Civil Service Commission ("CSC") automatically converted nonpermanent positions such as his to "covered" status. Estrella further alleges that our decisions in *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir.1995), and *Casilang v. Office of Personnel Management*, 248 F.3d 1381 (Fed.Cir.2001), are in conflict on that same issue.

We agree with the Board that Estrella has not shown that he is entitled to an annuity under the CSRA. In *Rosete*, we stated that "[e]ligibility for retirement benefits under the CSRA ... requires that an employee complete at least five years of creditable service and that at least one of the two years of service prior to separation be 'subject to' the CSRA, *i.e.*, covered service." 48 F.3d at 516. "While most service is creditable, not all service is covered." *Id.* Furthermore, we explained in *Casilang* that Executive Order 10,180 excluded indefinite appointees from CSRS coverage and that it remained in effect

until the CSC promulgated new regulations in 1956. 248 F.3d at 1383. Estrella's position as an indefinite appointee was therefore not covered by the CSRA, and he is not eligible for an annuity.

Moreover, we disagree that *Rosete* and *Casilang* are in conflict; on the contrary, both cases hold that indefinite appointments, like Estrella's, are not covered by the CSRA and are thus exempt from CSRS coverage. *See Rosete*, 48 F.3d at 518–19; *Casilang*, 248 F.3d at 1383.

We have reviewed Estrella's remaining arguments and find them unpersuasive. We therefore conclude that the Board did not err in holding that the OPM properly denied Estrella's application for a deferred retirement annuity under the CSRA. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.