NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3399

ALBERTA LABIO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Albert Labio, of Olongapo City, Philippines, pro se.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3399

ALBERTA LABIO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 1, 2007

_____

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

NEWMAN, Circuit Judge.

Petitioner Alberta Labio petitions for review of the decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management ("OPM") denial of her application for survivor benefits under the Civil Service Retirement Act ("CSRA"). Labio v. Office of Pers. Mgmt., No. SF0831060249-I-1 (M.S.P.B. Aug. 2, 2006). Mrs. Labio's request for benefits was based on the past employment of her deceased husband, Cornelio

Labio. OPM correctly held that Mr. Labio's employment was not subject to the CSRA, and thus that survivor benefits are not available to Mrs. Labio. The Board's decision is <u>affirmed</u>.

## BACKGROUND

Cornelio Labio was employed by the Department of the Navy in the Philippines from June 6, 1945 to September 25, 1945, from August 7, 1946 to February 2, 1949, and from May 23, 1951 until his retirement on March 26, 1976. His most recent Standard Form (SF-50) states that, in accordance with the Collective Bargaining Agreement of January 8, 1976, upon retirement he was entitled to 28 months of separation pay based on 27 years, 7 months, and 20 days of employment by the United States in the Philippines.

Before his death Mr. Labio filed several requests for retirement benefits, which OPM denied on the ground that his employment was not subject to the Civil Service Retirement System. His appeal to the Board of that ruling was dismissed for lack of timeliness. Mr. Labio died on June 1, 1997, and Mrs. Labio filed an application for survivor benefits on February 4, 2004. The OPM denied the application, holding that Mrs. Labio is not entitled to survivor benefits because Mr. Labio's employment was not covered by the CSRA. On appeal to the Board the administrative judge determined, as had OPM, that none of the positions Mr. Labio held while employed by the Navy was covered by the CSRA, and that Mr. Labio served only under excepted intermittent or indefinite appointments. The AJ found that no retirement deductions were taken from Mr. Labio's pay, and that he did not contribute to any civil service retirement fund. Thus, the Board affirmed OPM's decision. Mrs. Labio appeals.

## DISCUSSION

To be eligible for retirement benefits under the CSRA an employee must have completed at least five years of creditable service, and at least one of the two years of service prior to separation must be "covered service." Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995). Covered service means employment subject to the CSRA, which includes the requirement that the employee deposit a portion of his or her pay into a federal retirement and disability fund. Id. The Board correctly held that for Mr. Labio's service periods temporary, intermittent, and indefinite appointments were excluded from CSRA coverage by Executive Order No. 9154, Executive Order No. 10,180, and 5 C.F.R. §831.201(a)(13). See Casilang v. Office of Pers. Mgmt., 248 F.3d 1381, 1383 (Fed. Cir. 2001).

Mr. Labio's various SF-50s show that his employment was not subject to the CSRA. His SF-50 forms state that his retirement status is "other" or "none," or this box was blank. The SF-50 for Mr. Labio's separation from service states that he was entitled to separation pay under a collective bargaining agreement. The Board correctly determined that Mr. Labio was never in a position covered by the CSRA, and therefore that Mrs. Labio is not entitled to survivor benefits under the CSRA.

No costs.