Angelina R. PANGILINAN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 02–3147.

United States Court of Appeals, Federal Circuit.

Dec. 17, 2002.

Rehearing denied Feb. 4, 2003.

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Angelina R. Pangilinan appeals from a final order of the Merit Systems Protection Board ("Board") affirming a reconsideration decision of the Office of Personnel Management ("OPM") denying Ms. Pangilinan's application for an annuity under the Civil Service Retirement System ("CSRS"). *Pangilinan v. Office of Pers. Mgmt.*, Docket No. SE–0831–01–0119–I–1, 2001 WL 1347170 (M.S.P.B.2001). Because the Board correctly determined that Ms. Pangilinan was not entitled to retirement benefits under the CSRS, we *affirm.*

## BACKGROUND

Ms. Pangilinan, a national of the Republic of the Philippines, was employed by the Department of the Navy ("Navy") as a Hospital Attendant, and later as Nursing Assistant, from 1956 to 1979. Her duty station was located at the U.S. Naval Regional Medical Center, in Subic Bay, Philippines. At the time of appointment, on March 1, 1956, she received an excepted-service indefinite appointment and served under the same appointment until she retired on disability on March 2, 1979.

The record shows that during her employment with the Navy, Ms. Pangilinan never made any retirement contributions, nor was any money withheld from her pay. The forms proffered to document appellant's federal service indicate that Ms. Pangilinan either had no retirement coverage, or that she was covered by a plan other than the CSRS. The forms also show that Ms. Pangilinan received twenty-three months of retirement pay pursuant to the Collective Bargaining Agreement of January 8, 1976.

Although no deposits were ever made from her salary into the Civil Service Retirement and Disability Fund during her employment with the Navy, on October 11, 1999, Ms. Pangilinan applied for deferred retirement benefits under the CSRA. OPM denied her application, on the ground that she failed to satisfy the statutory "coverage" requirement as set forth in 5 U.S.C. § 8333(b) (2000). On reconsideration, OPM affirmed its initial decision on the same ground, and Ms. Pangilinan appealed to the Board on January 12, 2001.

Because the Board found no error in the denial of Ms. Pangilinan's request for retirement benefits, it sustained OPM's decision. Subsequently, Ms. Pangilinan petitioned the Board for review of its initial decision, which was denied on October 11, 2001. Ms. Pangilinan timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

The burden of proof of demonstrating entitlement to retirement benefits rests on petitioner. *Cheeseman v. Office of Personnel Mgmt.*, 791 F.2d 138, 140 (Fed.Cir. 1986). Because Ms. Pangilinan separated from the Navy after July 31, 1956, she is entitled to retirement annuities under the CSRS only if she meets the requirements of the current Civil Service Retirement Act ("CSRA"). 5 U.S.C. § 8333. The CSRA requires the completion of five years civilian service, one of which must be covered by the CSRA during the last two years prior to separation from service. 5 U.S.C. § 8333(a) and (b). In addition, the CSRA requires the withdrawal of retirement contributions from the employee's pay. 5 U.S.C. § 8333(c).

An award of retirement benefits under the CSRA, however, must also be in compliance with other statutory restrictions, which may limit its application to certain categories of employees. 5 U.S.C. § 8347(g); *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed.Cir.1995) (acknowledging that the statute also permits OPM

to exclude certain categories of employees from coverage under the CSRA). For instance, it is well settled that employees serving under indefinite appointments made after January 23, 1955, are specifically excluded from coverage pursuant to 5 C.F.R. § 831.201(a)(13) (2000). *See Francisco v. Office of Pers. Mgmt.*, 295 F.3d 1310, 1312 (Fed.Cir.2001) (stating that 5 C.F.R. § 831.201(a)(13) is a valid regulation); *Rosete*, 48 F.3d at 517.

Ms. Pangilinan argues that because her appointment was first made during the twenty-one months period between January 23, 1955, and October 30, 1956, when the regulatory exclusion from coverage was not in force, her service was covered, and she is entitled to an annuity pursuant to the continuity-of-coverage rule. *See* 5 C.F.R. § 29.2(b) (1957). This court has already conclusively and exhaustively addressed this argument in *Casilang v. Office of Pers. Mgmt.*, in light of which we find Ms. Pangilinan's position meritless. *See Casilang*, 248 F.3d 1381, 1383 (Fed. Cir.2001) (holding that the exclusion of coverage that had been effected by Executive Order No. 10,180 remained in effect throughout the period until the Civil Service Commission adopted that position by regulation).

It is clear from this regulation and from our precedents that because Ms. Pangilinan served her entire term with the Navy under an excepted-service indefinite appointment, she was excluded from coverage under the CSRA from the time of her appointment in 1956. Because she never enjoyed coverage, there was no coverage to continue and, therefore, the Board was correct in holding that she was not entitled to deferred retirement annuities. This conclusion is consistent with the retirement notations on her personnel records and the fact that retirement contributions were not withheld from her paycheck.

This court will not disturb a Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Cheeseman*, 791 F.2d at 140. Because, after carefully reviewing the record, we can discern no reversible error in the Board's conclusions, we affirm.