NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3109

ANGELINA R. PANGILINAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Angelina R. Pangilinan, of Olongapo City, Philippines, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3109

ANGELINA R. PANGILINAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: August 8, 2007

_____

Before RADER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Angelina R. Pangilinan ("Pangilinan") appeals from a final decision of the Merit Systems Protection Board ("Board"). Pangilinan v. OPM, No. SF-0831-06-0659-I-1 (M.S.P.B. Dec. 13, 2006). The Board denied her petition for review of an initial decision that dismissed Pangilinan's claim for benefits under the Civil Service Retirement System ("CSRS") as barred by res judicata. Pangilinan v. OPM, No. SF-0831-06-0659-I-1 (M.S.P.B. Dec. 13, 2006) ("Initial Decision"). Because the Board's decision is supported by substantial evidence and in accordance with law, we affirm. See 5 U.S.C. § 7703(c).

In 2001, the Board sustained a final decision of the Office of Personnel Management ("OPM") that denied Pangilinan's application for CSRS deferred retirement benefits, concluding that she was excluded from coverage under the Civil Service

Retirement Act. <u>Pangilinan v. OPM</u>, No. SE-0831-01-0119-I-1 (M.S.P.B. Oct. 11, 2001) (denying the petition for review of <u>Pangilinan v. OPM</u>, No. SE-0831-01-0119-I-1 (M.S.P.B. Apr. 4, 2001)). Pangilinan appealed, and we affirmed. <u>Pangilinan v. OPM</u>, No. 02-3147, 53 Fed. Appx. 925 (Fed. Cir. Dec. 17, 2002).

Although Pangilinan's present appeal involves a claim for CSRS <u>disability</u> retirement benefits, "[c]laim preclusion prevents parties from litigating issues that could have been raised in a prior action." <u>Carson v. Dep't of Energy</u>, 398 F.3d 1369, 1375 (Fed. Cir. 2005). "This form of res judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." <u>Id.</u> The Board found that all three criteria were satisfied. <u>Initial Decision</u>, slip op. at 4–5. Pangilinan argues that her present claim could not have been brought in the earlier action because 5 U.S.C. § 8337(b) requires claims for disability annuities to be filed within one year of separation from service. Such an argument fails to address how § 8337(b) operated to preclude Pangilinan from bringing a CSRS disability annuity claim in the previous action but allows for that same claim to be brought in the present action. To the extent Pangilinan argues that the § 8337(b) time limitation should be waived in this case, the same waiver arguments could have been raised in the previous action. None of Pangilinan's remaining arguments provide a proper basis for concluding that the doctrine of res judicata does not apply in this case. Accordingly, because Pangilinan fails to identify reversible error, we affirm.

COSTS

No costs.