NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3172

RAFAELITO D. BORO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

—————————————————

DECIDED: December 9, 2005

—————————————————

Before LOURIE, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

The Office of Personnel Management (OPM), denied Mr. Rafaelito D. Boro's request for a deferred retirement annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. §§ 8331-8351 (2005). The Merit Systems Protection Board (Board) affirmed. Boro v. Office of Pers. Mgmt., No. SF-0831-04-0329-I-1 (Mar. 8, 2005). Because Mr. Boro has not shown entitlement to retirement benefits under 5 C.F.R. § 1201.56(a)(2) (2005), this court affirms.

I.

Mr. Boro, a Philippines national, worked for the Department of the Navy at Subic Bay in the Philippines from 1955 until 1984. Mr. Boro at first held intermittent excepted service temporary appointments, and then held a

continuous but indefinite appointment in the excepted service. On March 3, 1999, Mr. Boro applied for deferred annuity benefits under the Civil Service Retirement System (CSRS). The OPM denied Mr. Bono's application because he had never served in a position subject to the CSRS. Although Mr. Boro's continuous service was creditable, the Board found that it was not covered service, i.e., service "subject to" the CSRA under 5 U.S.C. § 8333(b).

II.

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. § 7703 (2005); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). Mr. Boro has the burden of demonstrating his entitlement to annuity benefits. See 5 C.F.R. § 1201.56(a)(2) (2005); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 141 (Fed. Cir. 1986).

The relevant statute, which governs this case, is 5 U.S.C. § 8333:

(a) An employee must complete at least 5 years of civilian service before he is eligible for an annuity under this subchapter.

(b) An employee or Member must complete, within the last 2 years before any separation from service . . . at least 1 year of creditable civilian service during which he is subject to this subchapter before he or his survivors are eligible for annuity under this subchapter based on the separation. If an employee or Member . . . fails to meet the service requirement of the preceding sentence, the amounts deducted from his pay during the service for which no eligibility for annuity is established based on the separation shall be returned to him on the separation. Failure to meet this service requirement does not deprive the individual or his survivors of annuity rights which attached on a previous separation.

(c) A Member or his survivor is eligible for an annuity under this

subchapter only if the amounts named by section 8334 of this title have been deducted or deposited with respect to his last 5 years of civilian service, or, in the case of a survivor annuity under section 8341(d) or (e)(1) of this title, with respect to his total service.

See also Carreon v. Office of Pers. Mgmt., 321 F.3d 1128, 1130 (Fed. Cir. 2003) ("Entitlement to CSRS annuity benefits requires the employee to have completed at least five years of civilian service, and to have completed at least one year of creditable civilian service subject to CSRA within two years of his separation from service."). Thus, Mr. Boro would not be barred from receiving an annuity under 5 U.S.C. § 8333 if his appointment were subject to the CSRA, if he had completed at least one year of "creditable service subject to CSRA" within two years of his separation from service, and if he had made contributions to the Civil Service Retirement and Disability Fund. See Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995) (quoting Noveloso v. Office of Pers. Mgmt., 45 M.S.P.R. 321, 323 (1990), aff'd mem., 925 F.2d 1478 (Fed. Cir. 1991)) ("Covered service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund.").

Upon investigation of Mr. Boro's employment records, which it deemed complete, the Board found that Mr. Boro's appointments were non-permanent and were excluded from CSRS coverage. The Board found that the Standard Form 50 (SF 50) "Notification of Personnel Action" (NPA) forms for Mr. Boro's services indicated that the appellant's retirement status was "none" or "other," i.e. other than the CSRA. Further, no deductions were ever withheld from Mr. Boro's salary for deposit into the Civil Service Retirement fund. Finally, the Board noted

that Mr. Boro's entitlement to severance pay, which was documented on the SF 50 form associated with his final separation, indicated that Mr. Boro was not covered by the CSRA. See, e.g., Paderes v. Office of Pers. Mgmt., 63 M.S.P.R. 642, 645 (1994); aff'd, 61 F.3d 919 (Fed. Cir. 1995) (Table). Therefore, Mr. Boro did not meet the eligibililty requirements of § 8333.

Mr. Boro argues that because of an alleged temporary lapse of legal authority which excluded indefinite, nonpermanent appointments from CSRA, the CSRA did cover his service. This court has already rejected this argument. See, e.g., Casilang v. Office of Pers. Mgmt., 248 F.3d 1381 (Fed. Cir. 2001) (the revocation of Executive Order No. 10,180, effective January 23, 1955, did not convert all indefinite excepted appointments into appointments covered by CSRA). For the foregoing reasons, this court affirms the final decision of the Board sustaining OPM's denial of Mr. Boro's request for annuity benefits.