**Bienvenido R. FRANCISCO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3028.

United States Court of Appeals, Federal Circuit.

July 9, 2002.

Rehearing Denied Aug. 27, 2002.

Bienvenido Francisco, of Dinalupihan, Bataan, Philippines, pro se.

Erin E. Powell, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Bryant G. Snee, Assistant Director. Of counsel on the brief was Earl Sanders, Special Counsel, Office of General Counsel, Office of Personnel Management, of Washington, DC.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Bienvenido Francisco seeks review of the decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Francisco v. Office of Pers. Mgmt.*, SE–1221–01–033–W–1 (M.S.P.B. Aug. 30, 2001). Because Francisco's report of publicly known information concerning alleged errors in the adjudicative process did not constitute a protected disclosure within the meaning of the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (codified in scattered sections of Title 5 of the United States Code) ("WPA"), the Board

**1312**

lacked jurisdiction over his appeal, and we affirm.

BACKGROUND

Francisco was employed by the Department of the Navy in the Republic of the Philippines from 1968 to 1992, during which time he had several temporary appointments and indefinite appointments. After his final separation from service, Francisco applied to the Office of Personnel Management ("OPM") in 1993 for retirement benefits under the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 ("CSRA"). OPM denied Francisco's application on the ground that he had not served at least one year in a position covered by the Civil Service Retirement System ("CSRS") during the two-year period immediately preceding his separation from service, because indefinite and temporary appointments such as Francisco's are excluded from CSRS coverage by 5 C.F.R. § 831.201(a).

Francisco appealed OPM's decision to the Board, which affirmed. After his petition for review by the full Board was denied, Francisco appealed to this court. We affirmed on the ground that, under our prior decision in *Rosete v. Office of Personnel Management,* 48 F.3d 514, 519 (Fed. Cir.1995), 5 C.F.R. § 831.201(a)(13) was valid, and substantial evidence supported the Board's determination that Francisco never served in a position covered by the CSRS. *Francisco v. Office of Pers. Mgmt.,* 152 F.3d 939 (Fed.Cir. Feb.13, 1998) (Table) (unpublished opinion).

Francisco then filed two requests with the Board under 5 U.S.C. § 1204(f) seeking review of section 831.201(a)(13) and asking the Board to declare that section invalid. The Board denied both requests. *Francisco v. Office of Pers. Mgmt.,* 80 M.S.P.R. 684, 686 (1999). Francisco did not appeal to this court.

Francisco asserts that in 1999, he made a protected disclosure to the Office of Special Counsel ("OSC") of information that he reasonably believed evidenced OPM's violation of the civil service laws when it rejected his claim for retirement benefits and defended that rejection before the Board. He argued that the information he disclosed demonstrated that OPM's interpretation of section 831.201(a)(13) violated the CSRA and Executive Order No. 9154, 7 Fed.Reg. 3275 (May 1, 1942),[1] and that as a result, OPM wrongfully excluded indefinite and temporary employees such as himself from CSRS coverage.

Francisco submitted a second application for retirement benefits to OPM on May 2, 2000. OPM did not act on that request. On May 8, 2000, Francisco submitted a complaint to OSC alleging that OPM violated the CSRA and Executive Order No. 9154 by failing to reopen his case and grant him an annuity. Francisco alleged that OPM's failure to act constituted a prohibited personnel practice under 5 U.S.C. § 2302(a)(2)(A)(iii) that was taken in reprisal for his having disclosed information to OSC evidencing OPM's unlawful interpretation of section 831.201(a)(13), and that this disclosure was protected under the WPA.

---

1. Francisco argued that 5 C.F.R. § 831.210(a)(13) violates Executive Order No. 9154 because section 831.210(a)(13) specifically excludes employees with indefinite appointments from CSRS coverage, whereas the executive order does not. But the correct source of section 831.210(a)(13) is Executive Order No. 10,180, 15 Fed.Reg. 7745 (Nov. 13, 1950), which superseded Executive Order No. 9154 and specifically excludes employees with "nonpermanent appointments," including indefinite appointments, from CSRS coverage. *Rosete,* 48 F.3d at 519.

OSC did not act on Francisco's complaint. Thereafter, Francisco filed an Individual Right of Action ("IRA") appeal to the Board, alleging that OPM declined to reopen his claim for retirement annuity in reprisal for his having made a protected disclosure under the WPA.

## PROCEEDINGS BELOW

In its initial decision, the Board dismissed Francisco's appeal after finding: (1) that Francisco was neither an "employee" nor an "applicant for employment," and therefore lacked standing to bring a claim under the WPA; (2) that even if Francisco had been an "employee" or "applicant for employment" during the relevant period, his claimed disclosures involved the disclosure of information during the adjudicative process and as such were not protected under the WPA; and (3) that Francisco's claims were barred by *res judicata*. *Francisco v. Office of Pers. Mgmt.*, Docket No. SE–1221–01–033–W–1 (M.S.P.B. Feb. 16, 2001). Francisco petitioned to the full Board, which denied his petition on August 30, 2001. Francisco timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Decisions of the Board must be sustained unless they are: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

■ Whether the Board possessed jurisdiction is a question of law that we review without deference. *Herman v. Dep't*

*of Justice*, 193 F.3d 1375, 1378 (Fed.Cir. 1999).

## DISCUSSION

■ To maintain an IRA action under the WPA, a petitioner must establish Board jurisdiction by exhausting all administrative remedies before OSC and by making non-frivolous allegations supported by affidavits or admissible evidence that "(1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir.2001).

The two primary issues on appeal are whether former employees are covered by section 2302 of the WPA, and whether the reporting of publicly known information in the course of litigation constitutes a protected disclosure within the meaning of the WPA.

### 1. Former Employees

The Board found that Francisco lacked standing to bring a claim under the WPA because he was neither an "employee" nor an "applicant for employment" during the relevant period. The Board noted that the statute defines a "protected disclosure" as a disclosure of information by an "employee or applicant for employment," 5 U.S.C. § 2302(b)(8) (2000), and that the statute defines a "personnel action" as certain enumerated actions with respect to "an employee in, or applicant for, a covered position in an agency," *id.* § 2302(a)(2)(A). The Board concluded that section 2302 does not apply to former employees such as Francisco, because they are neither "employee[s]" nor "applicant[s] for employment."

1314

We need not decide whether and to what extent former employees are covered by section 2302 because the Board lacked jurisdiction on the ground that Francisco's alleged activities did not constitute a "protected disclosure" under the WPA. Similarly, we need not reach the Board's *res judicata* determination.

2. Protected Disclosure

■ Francisco alleges that the information he gave OSC constituted a protected disclosure of his reasonable belief· that OPM, when it denied him retirement benefits and sought to defend that action on appeal, violated the civil service laws by interpreting section 831.201(a)(13) as excluding persons holding indefinite appointments from CSRS coverage. The Board found that these claimed disclosures were not covered by the WPA because they concerned publicly known information and were merely legal arguments raised by Francisco in his own prior proceedings.

■ We agree. The pertinent section of the statute is section 2302(b)(8)(B). Under that section, as well as under section 2302(b)(8)(A), not every report of information is a protected disclosure under the WPA. For example, under section 2302(b)(8)(A), a report of information that was made as part of the employee's assigned job responsibilities does not constitute a protected disclosure under the WPA when made through normal channels. *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1353–54 (Fed.Cir.2001). Nor does the report of information that was already publicly known constitute a protected disclosure. *Id.* at 1349–50.

■ So too the report of information such as that involved here is not a protected disclosure under the WPA. Our decision in *Meuwissen v. Department of the Interior*, 234 F.3d 9 (Fed.Cir.2000), states the governing principle. In *Meuwissen*, the petitioner, a former administrative judge, alleged that he was terminated in reprisal for an opinion he wrote in which he allegedly "disclosed the illegality" of a policy of the Department of the Interior that was reflected in earlier decisions of other administrative judges. *Meuwissen*, 234 F.3d at 13. We held that the report of information that is publicly known and that constitutes a decision in the course of adjudication was not the kind of disclosure the WPA was intended to protect. *Id.* at 13–14. We noted that the agency's alleged misconduct, *i.e.*, its policy as reflected in earlier administrative decisions, was publicly known, and that the petitioner's "disclosures" merely indicated his belief announced in the course of adjudication that earlier decisions had been wrong. *Id.* at 13. We concluded that "[a]n erroneous decision by an administrative judge empowered to make adjudicative decisions ... is not the type of violation comprehended by the WPA because such a decision is already known and a remedy is already provided for it." *Id.* at 13–14. As we held in *Huffman*, "the term 'disclosure' means to reveal something that was hidden and not known." *Huffman*, 263 F.3d at 1349–50.

Here Francisco's alleged disclosures were merely legal arguments concerning alleged errors by OPM in connection with Francisco's own application for benefits to OPM and by OPM in defending its action before the Board. This is simply not the type of disclosure the WPA was designed to protect. The WPA was not designed to afford an opportunity to collaterally attack the results of earlier litigation brought by the appellant, where the errors, if any, were apparent on the face of the earlier decision and were publicly known.

Because the Board lacks jurisdiction to entertain an IRA appeal under the WPA in the absence of a protected disclosure,

*Ellison v. Merit Sys. Prot. Bd.,* 7 F.3d 1031, 1034 (Fed.Cir.1993), we affirm.

AFFIRMED.

COSTS

No costs.