**Mauricio R. DIAZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3152.

United States Court of Appeals, Federal Circuit.

March 14, 2003.

Before MAYER, Chief Judge, LINN, and PROST, Circuit Judges.

ON MOTION

LINN, Circuit Judge.

*ORDER*

The Office of Personnel Management moves for summary affirmance of the decision of the Merit Systems Protection Board dismissing Mauricio R. Diaz's appeal for lack of jurisdiction. Diaz opposes. OPM replies.*

Diaz sought a retirement annuity from OPM in 1994. OPM denied the application and the Board and this court subsequently affirmed. In 1997, Diaz requested that the Board review a regulation related to annuities. The Board denied that request. In the present case, Diaz filed an individual right of action (IRA) appeal with the Board in 2001. Diaz alleged that OPM had declined to reopen his claim for a retirement annuity in reprisal for his having made a disclosure protected by the Whistleblower Protection Act (WPA), i.e., he disclosed information that he believed evidenced OPM's violation of the Civil Service Reform Act and certain Executive Orders. The Administrative Judge (AJ) determined that because Diaz's "claimed disclosures were merely variations on legal arguments raised by the appellant in his own prior appeals," they were not subject to the WPA. Consequently, the AJ dismissed the appeal for lack of jurisdiction.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994).

OPM argues that summary affirmance is appropriate in accordance with *Francisco*

* OPM's motion for an extension of time to file a reply is granted.

*v. OPM,* 295 F.3d 1310 (Fed.Cir.2002) because Diaz has not made the type of disclosures protected by the WPA. Diaz argues that the court should not summarily affirm because his disclosure that OPM allegedly fraudulently concealed "the existence, effectivity, and applicability of Executive Order 9154" is protected by the WPA.

In *Francisco,* we held that the reporting of publicly known information in the course of litigation is not the kind of disclosure that the WPA was designed to protect. Thus, we determined that disclosures that are merely legal arguments concerning alleged errors by OPM in connection with an application for benefits to OPM were not protected disclosures under the WPA. Diaz's disclosures fall within the purview of *Francisco.* We conclude that no substantial question regarding the outcome of this petition for review exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) OPM's motion for summary affirmance is granted.

(2) Each side shall bear its own costs.