**Camaro WALKER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3067.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 12, 2003.

Before MICHEL, DYK, and PROST, Circuit Judges.

PER CURIAM.

Camaro Walker ("Walker") seeks review of the decision of the Merit Systems Protection Board ("The Board") that the Board lacked jurisdiction over her appeal. *Walker v. Dep't of Veterans Affairs*, No. AT–315H–02–0639–I–1 (M.S.P.B. Aug. 9, 2002) (*"Initial Decision"*), *review denied, Walker v. Dep't of Veterans Affairs*, No. AT–315H–02–0639–I–1, 93 M.S.P.R. 308, 93 M.S.P.R. 308 (M.S.P.B. Sept. 26, 2002) (*"Final Order"*). We *affirm.*

### BACKGROUND

On November 4, 2001, Walker received an excepted appointment with the Department of Veterans Affairs ("the agency") as a Medical Clerk, level GS–04, at the Veterans Administration Medical Center in Jackson, Mississippi. The appointment was subject to a two-year probationary period. Walker's notice of appointment stated that upon satisfactory completion of the probationary period, her position would be converted to a career-conditional or career appointment. The notice also stated that if Walker's performance were not satisfactory, her employment would be terminated.

On June 28, 2002, before the expiration of the probationary period, the agency notified Walker that she was discharged from employment because of inappropriate and disrespectful conduct toward her co-workers.

Walker filed an appeal of her termination with the Board on July 1, 2002, in which she contested the facts surrounding the agency's disrespectful conduct charge, alleged that her supervisor exhibited favoritism toward other employees, and alleged religious discrimination.

In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. The administrative judge held that under 5 C.F.R. § 315.806, an employee terminated during a probationary period may appeal to the Board only on the grounds that the termination was based on marital or partisan political discrimination or that the procedures required by 5 C.F.R. § 315.805 were not followed. *Initial Decision* at 3. Because Walker had made no such allegations, the administrative judge held that the Board did not have jurisdiction over her appeal. *Id.* at 4.

On September 26, 2002, the Board denied review, rendering the initial decision final. *Final Order* at 2. Walker timely appealed to this court. We have jurisdiction over final Board decisions pursuant to 28 U.S.C. § 1295(a)(9), and we have jurisdiction over allegations of discrimination where, as here, the Board rules solely on "procedural or threshold matters" such as the issue of its jurisdiction. *Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1247 (Fed.Cir.1984). We therefore have jurisdiction over this appeal.

Whether the Board has jurisdiction is a question of law, which we review without

deference. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000).

## DISCUSSION

The Board's jurisdiction is limited to that expressly granted by statute, rule, or regulation. *Hartman v. Merit Sys. Prot. Bd.*, 77 F.3d 1378, 1380 (Fed.Cir.1996).

There is no allegation that Walker qualifies as an "employee" under 5 U.S.C. § 7511(a). The applicable regulations grant the Board jurisdiction over the appeal of a probationary employee in only limited circumstances. The regulations grant the Board jurisdiction where a probationary employee alleges that the termination "was based on partisan political reasons or marital status." 5 C.F.R. § 315.806(b) (2003). Walker does not contend, however, that her termination was based on these factors. Where an agency proposes to terminate a probationary employee "for reasons based in whole or in part on conditions arising before his appointment," 5 C.F.R. § 315.805, the Board also has jurisdiction to hear an appeal on the ground that the termination was not in accordance with the procedural requirements of section 315.805. 5 C.F.R. § 315.806(c) (2003). Although Walker contends before this court that the agency did not follow the procedures required by section 315.805, she has not alleged that her termination was based on conditions arising before her employment, and, hence, that section does not apply.

Finally, the regulations grant the Board jurisdiction where a probationary employee alleges that a termination "was based on discrimination because of race, color, religion, sex, or national origin; or age ... or handicapping condition." 5 C.F.R. § 315.806(d) (2003). In the present case, Walker alleges that her termination was based on religious discrimination. However, the regulation further provides that "[a]n appeal alleging a discriminatory termination may be filed under this subsection only if such discrimination is raised in addition to one of the issues stated in paragraph (b) [marital or partisan political discrimination] or (c) [termination for reasons based on conditions arising before appointment]." *Id.* Because Walker has not made allegations that establish jurisdiction under subsections (b) or (c), she cannot invoke the Board's jurisdiction based on her claim of religious discrimination. Hence, Walker has not demonstrated that the Board has jurisdiction pursuant to 5 C.F.R. § 315.806.

Walker's other allegations contest the factual basis for the agency's charge of disrespectful conduct or go to the merits of her appeal.* Because Walker has not met her burden of demonstrating Board jurisdiction, the Board correctly declined to reach these issues. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1374 (Fed.Cir. 2003).

For the foregoing reasons, the order of the Board is *affirmed.*

## COSTS

No costs.

---

* In her brief to this court, Walker also alleged that her termination violated the Whistleblower Protection Act ("WPA"), citing 5 U.S.C. §§ 2301(b)(8) and (b)(9). There is a serious question as to whether this was raised below. *See Forshey v. Principi,* 284 F.3d 1385, 1335–45 (Fed.Cir.2002) (en banc) (Ordinarily, this court does not consider issues that were not raised below.), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). In any event, there is no showing Walker complied with the jurisdictional prerequisites of the WPA, such as exhausting all administrative remedies before the Office of Special Counsel. *See Francisco v. Office of Pers. Mgmt.,* 295 F.3d 1310, 1313 (Fed.Cir.2002).