**Dayna D. STAGGS, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 04–3116.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 7, 2004.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

## DECISION

PER CURIAM.

The decision of the Merit Systems Protection Board ("the Board") dismissing the petitioner Dayna Staggs' appeal for lack of jurisdiction, docket number PH–315H–04–0019–I–1, is affirmed.

## OPINION

The Navy terminated Staggs as a police officer during the probationary period of his first year of employment for "inappropriate conduct and tardiness." Initial Decision at 5. The Board dismissed his appeal for lack of jurisdiction because he did not establish that he came within any of the exceptions to the general rule that the Board has no jurisdiction over appeals by probationary employees. Before the Board, Staggs admitted that he was terminated during his probationary period. *Id.* at 2

An employee terminated during his probationary period may "only" appeal to the Board "a termination . . . which he or she alleges was based on partisan political reasons or marital status," 5 C.F.R. § 315.806 (2003), or which was "for reasons based in whole or in part on conditions arising before [an employee's] appointment," *id.* § 315.805. Although an employee also "may appeal to the Board . . . a termination which the employee alleges was based on discrimination because of race," such an appeal "may be filed . . . only if such discrimination is raised in addition to one of the issues" noted above. *Id.* § 315.806(d).

Staggs failed to show that he came within any of these grounds for Board jurisdiction over appeals by probationary employees. He made no claim that he was terminated because of marital status. Although he attempted to invoke the "partisan political reasons" provision by alleging that he was terminated for " 'partisan political reasons including his race,' " this allegation was inadequate to invoke Board jurisdiction. Initial Decision at 4. Noting that the phrase "partisan political reasons" is limited to "discrimination based on affiliation with any political party or candidate," *Mastriano v. F.A.A.*, 714 F.2d 1152, 1155–56 (Fed.Cir.1983) (internal quotation marks omitted), the Board properly concluded that it lacked jurisdiction to consider the claim as based on partisan political reasons. Initial Decision at 4–5. As noted, the Board may consider a claim of race discrimination only if ancillary to another one over which it has jurisdiction. Finally, since the Navy terminated Staggs because of his on-duty failings, he cannot claim that his termination was based on pre-appointment conditions.

Staggs also challenges the Board's conclusion that it lacked jurisdiction to consider his whistle-blowing claim. As the Board recognized, "[t]o maintain an . . . action under the [Whistleblower Protection Act], a petitioner must establish Board jurisdiction by exhausting all administrative remedies before [the Office of Special Counsel]." *Francisco v. Office of Pers. Mgmt.*, 295 F.3d 1310, 1313 (Fed.Cir.2002) (quoting *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367 (Fed.Cir.2001)). Although Staggs alleged before the Board that he had exhausted all administrative remedies, the Board found that the "record fail[ed] to show that the [Office of Special Counsel] has ever had any complaint by the appellant before it." Initial Decision at 4.