NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3277

MARIA TERESA FERDIK,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

———————————————

DECIDED: December 12, 2005

———————————————

Before MICHEL, <u>Chief Judge</u>, BRYSON and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Maria Teresa Ferdik seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. <u>Ferdik v. Dep't of Def.</u>, No. DC-1221-04-0376-W-1 (M.S.P.B. May 27, 2005) ("<u>Final Order</u>"). We <u>affirm</u>.

I

Ferdik was a teacher at the Naples American High School ("NAHS") in Naples, Italy, which is operated by the Department of Defense ("agency"). The principal of

NAHS informed Ferdik, by notice dated May 22, 2003, of the termination of her appointment, effective June 13, 2003.[1]

Ferdik appealed the termination action to the Board and requested a stay of the action.  The Board dismissed her appeal because an excepted service employee with less than two years of Federal service does not have a right to appeal to the Board. See 5 C.F.R. §§ 315.801, 310.806 (2005); Ferdik v. Dep't of Def., No. DC-0752-03-0627-I-1 (M.S.P.B. Aug. 29, 2003) ("Initial Decision").  The request for a stay of the termination was also subsequently dismissed.  Ferdik v. Dep't of Def., No. DC-315H-03-0627-S-1 (M.S.P.B. July 11, 2003) ("Stay Order").

On July 16, 2003, Ferdik filed a complaint with the Office of Special Counsel ("OSC") alleging that the agency violated the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16, because it terminated her in retaliation for her alleged whistleblower disclosure.  She had disclosed between March and May 2003 that a local Italian national, Roberta Pennasilico, although not a United States citizen, was continuously employed as a teacher at the NAHS for 13 years.  She allegedly had disclosed that Pennasilico's employment as a teacher evidenced a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, and abuse of authority.  In support of her complaint, Ferdik submitted a letter to OSC, dated January 9, 2004, further detailing the previously disclosed employment violation.  She alleged that she had learned of Pennasilico's improper employment from a conversation with Glenda

---

[1]    The reasons for termination included: (1) inappropriate remarks and behavior made to students; (2) inconsistent grading that required recalculating and reissuing report cards; (3) inappropriate remarks made to staff members at the NAHS; (4) continued misbehavior after a previous letter of caution regarding the use of abusive, demeaning and inappropriate language.

Werner, a school counselor at the NAHS, on February 20, 2003. Ferdik's complaint and letter stated that she had reported the illegal employment to the principal, vice-principal, and local union representative several times between March and May 2003. After receipt of her letter, OSC advised Ferdik that it was terminating the investigation and that she could request corrective action from the Board.

On March 30, 2004, Ferdik filed an individual right of action ("IRA") appeal with the Board. She repeated the allegations that she had made to OSC and requested corrective action. She asked for reinstatement in a teaching position commensurate in benefits and pay status with the same position that she held at the NAHS and removal from her personnel files of any reference to the adverse action or associated performance appraisals. The Board issued a Show Cause Order requiring Ferdik to present evidence that the Board had jurisdiction to adjudicate her IRA appeal. She alleged that the Board had jurisdiction because she had made protected disclosures. The agency responded by stating that Ferdik had failed to establish Board jurisdiction.

An administrative judge ("AJ") dismissed Ferdik's IRA appeal for lack of jurisdiction premised on Ferdik's failure to make nonfrivolous allegations that she had engaged in whistleblowing activity. Ferdik v. Dep't of Def., No. DC-1221-04-0376-W-1 (M.S.P.B. May 26, 2004) ("Initial Decision"). The Board, on May 27, 2005, issued a final order denying Ferdik's petition for review.

Ferdik timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

This court must affirm the decision of the Board unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Francisco v. Office of Pers. Mgmt., 295 F.3d 1310, 1313 (Fed. Cir. 2002). The issue of whether the Board has jurisdiction over an appeal is a question of law which this court reviews de novo. See Francisco, 295 F.3d at 1313.

III

Ferdik argues that the Board erred in dismissing her IRA appeal for lack of jurisdiction. The Board has jurisdiction over an IRA appeal if Ferdik shows that the administrative remedies before the OSC have been exhausted and that she made nonfrivolous allegations that "(1) [s]he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Ferdik alleges the board erred in dismissing for lack of jurisdiction because she exhausted her administrative remedies, made a protected disclosure about the illegal employment of a non-U.S. citizen as a teacher and the agency terminated her appointment as a teacher, as a result of the disclosure.

The sole disclosure at issue in Ferdik's IRA appeal pertains to relaying information that Pennasilico's employment as a teacher at the NAHS was a violation of law. Ferdik has not shown or raised any other disclosures as a basis for her IRA

appeal. The Board determined, and we agree, that Ferdik has exhausted all her administrative remedies before OSC as to this disclosure.

Ferdik alleges that the disclosure was made to the principal, vice-principal, and local union representative before her termination. The disclosure involved the revelation that Pennasilico, although not a United States citizen, had been employed as a teacher at the NAHS for 13 years. According to 20 U.S.C. § 901(2) (2000), a teacher at an overseas school operated by the agency must be a "citizen of the United States." In her letter to OSC, Ferdik stated that Werner told her that Pennasilico's employment was improper. The letter also indicated that "almost the whole school knows full well . . . that the practice is a violation . . . [of] policy and directives."

Reporting information that is already publicly known is not a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8). Francisco, 295 F.3d at 1314 (citing Huffman v. Office of Pers. Mgmt., 263 F.3d 1341, 1349-50 (Fed. Cir. 2001) (construing "disclosure" to require a revelation of "something that was hidden and not known.")). Ferdik contends that the Board erred in finding that the disclosure was publicly known because Werner told her that "the illicit practice was a well kept secret among many others at the school." There is substantial evidence to support the finding that the information was well known by others and is therefore public information that does not qualify as a protected disclosure. Id. Ferdik's response to the Board's Show Cause Order further reinforces the Board's conclusion that the disclosure was publicly known because Ferdik notes that her conversation with Werner was public and witnessed by several people. We agree with the Board that there was no protected disclosure because Pennasilico had taught for 13 years at the NAHS and Ferdik admitted that almost the

entire school knew that the employment was a statutory violation. Therefore, Ferdik failed to establish a nonfrivolous allegation that she engaged in whistleblowing activity by making a protected disclosure. It is apparent from her complaint and the January 9, 2004 letter that the disclosure was publicly known and not a protected disclosure. Consequently, we need not and do not reach the issue of whether a protected disclosure was a contributing factor in the agency's personnel decision to terminate her position.

Ferdik, on appeal, raises new allegations and facts unrelated to her IRA appeal. She appears to allege additional grounds of discrimination from wrongful termination and "disparate treatment." Ferdik fails to establish how these additional grounds cure her frivolous allegation of a WPA violation by showing that her disclosure was indeed a protected disclosure. Moreover, she also raises new facts that are not a part of the record and were not before the Board. We cannot consider new evidence that was not before the Board. See Mueller v. U.S. Postal Serv., 76 F.3d 1198, 1201-02 (Fed. Cir. 1996).

IV

Because Ferdik failed to establish a nonfrivolous allegation, we affirm the decision of the Board to dismiss Ferdik's IRA appeal for lack of jurisdiction. Each side shall bear its own costs.