NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3262

KEVIN T. HENDRICKSON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: March 13, 2006

_____

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Kevin T. Hendrickson petitions for review of a decision of the Merit Systems Protection Board, Docket No. NY-0752-04-0054-I-1. The Board upheld his removal from his position with the Department of Veterans Affairs ("VA"). We affirm.

## BACKGROUND

In March 2003, Mr. Hendrickson, who worked as a Veterans Service Representative for the VA, was pursuing his own claim for benefits relating to a service-connected injury. In connection with that claim, he submitted a VA Form 9 to the

Newark, New Jersey, Veterans Affairs Regional Office in support of his claim for retroactive benefits and an increase in his compensation level. Included with his submission were two medical statements, which were dated April 29, 2002, and were purportedly written by Dr. Boaz Rabin.

On June 10, 2003, at a hearing on his request for benefits, Mr. Hendrickson was questioned by Kenneth White, a decision review officer, regarding the authenticity of the two medical statements. Mr. White had observed that the two statements did not appear normal because they were both unsigned and were not on a preprinted form, letterhead, or memorandum. Mr. Hendrickson stated under oath that he had obtained the two statements from Dr. Rabin. Mr. Hendrickson testified that "the statements from Dr. Rabine [sic], like I said, I presented evidence to him, I requested that he provide an opinion, and he subsequently provided the opinion." Mr. Hendrickson also testified that "I requested him to review the records, and that's what I got back from him. I can have it signed by him, have him review it once again . . . ."

Subsequently, during one of Dr. Rabin's weekly visits to the New York Regional Office, Mr. Hendrickson approached him and asked him to sign the two medical statements. Dr. Rabin reviewed the statements and observed that they were not in his usual format. Dr. Rabin then stated that he had not authored the two statements, and he accused Mr. Hendrickson of writing them himself. Mr. Hendrickson nonetheless persisted in urging Dr. Rabin to sign the statements. When Dr. Rabin refused, Mr. Hendrickson apologized for the confusion and left. Mr. Hendrickson subsequently

submitted a request to the VA that the two statements be withdrawn from consideration.[1]

On July 1, 2003, Special Agent Greg McLaughlin of the Office of Inspector General questioned Mr. Hendrickson about the two medical statements. Mr. Hendrickson explained that he did not know where he had obtained the statements and that he had found them amongst paperwork in his home. He denied writing the statements himself. He added that he might have received the statements from his service organization representative.

On October 26, 2003, the VA removed Mr. Hendrickson from his position as a Veteran Service Representative. The removal action was based on four charges: (1) presenting false documents in order to defraud the VA in regard to a personal claim for benefits; (2) giving false testimony under oath in order to defraud the VA in regard to a personal claim for benefits; (3) attempting to deceive a VA official into signing fraudulent documents as his own work product; and (4) making false statements in connection with an official investigation.

Mr. Hendrickson appealed the removal action to the Board. The administrative judge who was assigned to the appeal sustained the first three charges and upheld the

---

[1] Mr. Hendrickson's claim for benefits was ultimately granted in substantial part. In its review decision, the Veterans Benefits Administration noted that the "comment about the veteran's attempts to produce documents for the purpose of obtaining a favorable outcome" was not supported by clear and convincing evidence. The administrative judge considered that finding but found it inapplicable because the burden of proof in Board appeals is a preponderance of evidence, not clear and convincing evidence.

agency's penalty of removal.[2] The administrative judge determined that there was a sufficient nexus between Mr. Hendrickson's misconduct and the efficiency of the service and concluded that the penalty of removal was reasonable. The administrative judge also rejected Mr. Hendrickson's affirmative defenses, including discrimination against a veteran, disability discrimination, retaliation for having filed equal employment opportunity complaints, reprisal for whistleblowing activity, reprisal for activity as a union shop steward and EEO representative, as well as a claim of harmful procedural error.

Mr. Hendrickson's request for review by the full Board was denied. He now petitions this court for review of the Board's decision.

DISCUSSION

To sustain a charge of submitting false information, the agency must show by a preponderance of evidence "that the employee knowingly supplied wrong information, and that he did so with the intention of defrauding the agency." Naekel v. Dep't of Transp., 782 F.2d 975, 977 (Fed. Cir. 1986). In response to the charge of presenting false documents in order to defraud the VA in connection with a personal claim for benefits, Mr. Hendrickson contends that he was not aware that the two medical statements were false at the time he submitted them to the VA. He therefore argues that the Board erred in finding that he intended to defraud the agency.

---

[2] The fourth charge is not a subject of this appeal. The administrative judge found that the agency failed to meet its burden on the fourth charge because nothing in the record contradicted Mr. Hendrickson's statements to Special Agent McLaughlin that he did not know the origin of the documents and that he may have received them from his service organization. The administrative judge explained that "[w]hile his explanations may not satisfactorily explain the existence of the documents, . . . they do corroborate his testimony during this appeal."

The administrative judge found that circumstantial evidence adequately supported the agency's conclusion that Mr. Hendrickson intended to defraud the agency. In particular, the administrative judge noted that Mr. Hendrickson "has held different positions on the unsigned statements at different times in the record." For example, in the hearing before Mr. White, Mr. Hendrickson testified, without qualification, that the two statements had been provided by Dr. Rabin. Later, in his interview with Special Agent McLaughlin, Mr. Hendrickson claimed that he had found the two statements in paperwork at his home. Mr. Hendrickson also suggested that he may have received the documents from his service representative. Finally, at his hearing before the administrative judge, Mr. Hendrickson stated that he could not recall where he acquired the documents.

The administrative judge also found that Mr. Hendrickson "failed to provide a reasonable and satisfactory explanation for the existence of the two unsigned, typed statements." That is, Mr. Hendrickson has not come forward with any plausible scenario that could lead to his coming into possession of the two medical statements without being aware of their origin and who authored them. For instance, if the statements had indeed been written by the service representative, it seems implausible that the service representative would have surreptitiously placed them in Mr. Hendrickson's home without notifying Mr. Hendrickson. Consequently, the administrative judge did not err in sustaining this first charge.

Mr. Hendrickson's response to the second charge of giving false testimony under oath in order to defraud the VA in regard to a personal claim for benefits is similarly unavailing. Mr. Hendrickson again argues that the Board erred in finding that he

intended to defraud the agency. He contends that he was not aware that his testimony before Mr. White was false because he "remembered and actually met with" Dr. Rabin on April 29, 2002. In support, Mr. Hendrickson points to Dr. Rabin's handwritten and signed medical opinion of that date.

Mr. Hendrickson's possession of a signed, handwritten statement by Dr. Rabin tends to undermine, not support, his assertion that he justifiably believed Dr. Rabin had authored the other two statements. Possession of one signed statement from a visit with a doctor would lead a reasonable person to question the authorship of two other unsigned statements of the same date in a different format. Moreover, as pointed out by the administrative judge, Mr. Hendrickson's testimony before Mr. White contradicts his subsequent testimony before the administrative judge that he could not recall how he acquired the two unsigned statements. Consequently, the administrative judge did not err in sustaining the second charge.

In response to the third charge of attempting to deceive a VA official into signing fraudulent documents as his own work product, Mr. Hendrickson contends that the administrative judge erred in her assessment of the witnesses' credibility, particularly that of Dr. Rabin and of Mr. Hendrickson himself. However, "determination of the credibility of witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor," Griessenauer v. Dep't of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985), and an administrative judge's credibility determinations are "virtually unreviewable," Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Because there is nothing in the record of this case that makes Dr. Rabin's testimony inherently incredible, and because the administrative judge had the

opportunity to assess Mr. Hendrickson's credibility in person, we will not disturb the administrative judge's credibility determinations regarding Dr. Rabin and Mr. Hendrickson. We therefore uphold the administrative judge's decision to sustain the third charge.

Mr. Hendrickson also argues that there is an insufficient nexus between his misconduct and the VA's performance of its functions. He explains that in his capacity as a Veteran Service Representative all of his cases were reviewed by his supervisors and he therefore had no ability to "single handedly fraudulently prosecute a claim on his own behalf nor on behalf of any other veteran." He also states that his job entailed minimal contact with the public.

This court, however, deferentially reviews the Board's determination of whether a nexus has been shown. Brown v. Dep't of the Navy, 229 F.3d 1356, 1358 (Fed. Cir. 2000). Here, the administrative judge emphasized that falsification is generally considered a serious offense and reflects "adversely on the employee's reliability, veracity, trustworthiness, and ethical conduct." Moreover, the administrative judge took note of the deciding official's testimony that as a Veteran Service Representative, Mr. Hendrickson was in a special position with regard to veterans' appeals for benefits. The administrative judge expressed concern that Mr. Hendrickson's actions in pursuing a personal claim for benefits affected the agency's confidence and trust in his ability to perform his job. The administrative judge also explained that Mr. Hendrickson's actions reflected negatively on the agency's credibility in representing the interests of veterans. Under our deferential standard of review, it does not appear that the administrative

judge erred in finding a sufficient nexus between Mr. Hendrickson's actions and the efficiency of the service.

Mr. Hendrickson further argues that the penalty of removal was unreasonable. In particular, he contends that the penalty levied against him is "far more severe than any other penalty levied against [other] employees." The administrative judge noted, however, that the deciding official properly considered all the relevant factors in rendering a decision, including the nature and seriousness of the misconduct. See Douglas v. Veterans Admin., 5 M.S.P.R. 302, 332 (1981). The administrative judge also found that Mr. Hendrickson did not make an adequate showing that his penalty was substantially harsher than penalties given for similar misconduct to similarly situated employees. In particular, the administrative judge pointed out, Mr. Hendrickson's referenced cases did not involve similar misconduct or similarly situated employees. We hold that the administrative judge did not err in concluding that removal "is within the range of reasonableness."

Mr. Hendrickson also alleges that the Board committed a harmful procedural error in refusing to consider his reply to the VA's response. Mr. Hendrickson, however, erroneously confuses a response with a cross-petition. Under 5 C.F.R. § 1201.114(i), the record closes when a response to a petition for review is filed. However, in the event a cross-petition is filed, the original petitioner is allowed time to file a reply to the cross-petition. Here, the VA filed a response, not a cross-petition. Thus, Mr. Hendrickson was not entitled to file a reply and was so notified. In the Board's acknowledgment letter to Mr. Hendrickson, the Board explained that a "cross-petition for review differs from a response because it also disagrees with the initial decision."

Consequently, there is no merit to Mr. Hendrickson's argument that the Board committed a harmful procedural error.

Mr. Hendrickson next argues that his removal was the product of discrimination based on his disability and his status as a veteran. The administrative judge found that Mr. Hendrickson had failed to present evidence in support of those claims. We sustain the administrative judge's ruling in that regard. Mr. Hendrickson fails to point to any evidence to support his claims that the VA discriminated against him on either of those grounds.

Finally, Mr. Henrickson reiterates his contention that his removal was the product of retaliation against him for filing equal employment opportunity complaints, for engaging in whistleblowing activity, and for acting as a union shop steward and EEO representative. The administrative judge analyzed Mr. Hendrickson's claims of retaliation and found no retaliatory motive on the part of the deciding official in his case and no nexus between the alleged retaliation and the adverse employment action. Likewise, the administrative judge found that there was "little or no evidence" that the deciding official sought to retaliate against Mr. Hendrickson based on his activity as a shop steward and EEO representative. With regard to his allegations of retaliation based on protected disclosures, the administrative judge found that the disclosures in question related to complaints about Mr. Hendrickson's own request for a promotion and a transfer and did not constitute protected disclosures within the meaning of the pertinent provision of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). See Francisco v. Office of Pers. Mgmt., 295 F.3d 1310, 1314 (Fed. Cir. 2002) (complaints

about agency's disposition of employee's personal claims do not constitute protected whistleblower disclosures).

We sustain each of those rulings. Mr. Hendrickson has not pointed to evidence that undermines the administrative judge's findings with respect to his claims of discrimination and retaliation. Moreover, in his passing reference to the Whistleblower Protection Act, Mr. Hendrickson has failed to point to any disclosures that he made that would qualify as protected disclosures under the Act. Accordingly, because the administrative judge's decision is supported by substantial evidence and Mr. Hendrickson has not pointed to any legal error in the proceedings before the Board, we uphold the Board's decision.