# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIETER STUSSY,

      Appellant,

    v.

MERIT SYSTEMS PROTECTION
  BOARD,

      Agency.

DOCKET NUMBER
SF-1221-16-0142-W-1

DATE: May 27, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dieter Stussy, Las Vegas, Nevada, pro se.

Matthew Edward Bradley, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, formerly a GS-9 Tax Technician with the Internal Revenue Service who resigned in 1994, filed an IRA appeal in November 2013 in which he alleged, inter alia, that a Board administrative judge erred and counsel for the Office of Personnel Management (OPM) committed misconduct in a disability retirement appeal he filed with the Board in 2012. Specifically, he claimed that, during that proceeding, the OPM attorney violated 18 U.S.C. § 1519[2] by failing to respond to his discovery request and that the administrative judge erred when, on that basis, he did not enter a directed verdict in the appellant's favor as a sanction against OPM for its counsel's act.[3] The administrative judge dismissed the IRA appeal for lack of jurisdiction, finding that the appellant had not exhausted his

---

[2] That section generally provides criminal penalties for the knowing concealment in any record with the intent to impede or obstruct the proper administration of any matter within the jurisdiction of any agency of the United States.

[3] The administrative judge affirmed OPM's decision disallowing as untimely filed the appellant's application for disability retirement benefits, *Stussy v. Office of Personnel Management*, MSPB Docket No. SF-844E-13-0168-I-1, Initial Decision at 1, 9 (Mar. 13, 2013), and the full Board affirmed the initial decision, *Stussy v. Office of Personnel Management*, MSPB Docket No. SF-844E-13-0168-I-1, Final Order at 2, 6 (May 7, 2014).

remedy before the Office of Special Counsel (OSC) as to this or other claims. *Stussy v. Department of the Treasury,* MSPB Docket No. SF-1221-14-0068-W-1, Initial Decision at 1, 10 (Mar. 26, 2014). Apart from modifications not here relevant, the full Board affirmed the initial decision. *Stussy v. Department of the Treasury*, MSPB Docket No. SF-1221-14-0068-W-1, Final Order at 2, 4-5 (June 23, 2015). As to the appellant's whistleblower claim regarding the handling of his disability retirement appeal, the Board found that he solely raised these allegations to OSC's Disclosure Unit on a Form OSC-12, but that, unlike OSC's Complaints Examining Unit, the Disclosure Unit does not review allegations of prohibited personnel practices and that making a disclosure to the Disclosure Unit does not satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3). *Id.* at 5.

¶3        The appellant then filed a new IRA appeal after having brought his claim to OSC's Complaints Examining Unit and having received a closure letter.[4] Initial Appeal File (IAF), Tab 1. He renewed his allegation that the Board's administrative judge essentially retaliated against him by ruling against him in his disability retirement appeal after he disclosed misconduct by the OPM counsel and the administrative judge himself. *Id.* After finding that the appellant had now established exhaustion, another Board administrative judge[5] issued a thorough jurisdictional order advising the appellant that it did not appear that he had adequately alleged the other jurisdictional elements of an IRA appeal;

---

[4] The appellant also raised a number of other claims, including those related to his 1993 removal, which was rescinded based on a settlement reached through the negotiated grievance procedure, his resulting resignation in 1994, which he claimed was involuntary, and the merits of his disability retirement appeal. The administrative judge did not consider these claims in his adjudication of the appellant's IRA appeal. Because the appellant, on petition for review, has not challenged the failure of the administrative judge to address these claims and because we agree that these claims are not relevant to the appellant's IRA appeal, we have not considered them.

[5] This administrative judge is not the same administrative judge who issued both the initial decision in the appellant's disability retirement appeal and the initial decision in his first IRA appeal.

namely, failing to nonfrivolously allege that he was subjected to a personnel action under 5 U.S.C. § 2302, and the administrative judge directed him to file evidence and argument to establish the Board's jurisdiction. IAF, Tab 2 at 3-4. The appellant filed a response, IAF, Tab 4, as did the agency, IAF, Tab 7.

¶4     In his initial decision, the administrative judge found that the appellant failed to raise a nonfrivolous allegation that he was subject to a personnel action in connection with his claim that, in ruling against him in an earlier appeal, a Board administrative judge retaliated against the appellant for having disclosed misconduct during that proceeding. IAF, Tab 8, Initial Decision (ID) at 3-6. The administrative judge here reasoned that the Whistleblower Protection Act (WPA) should not be interpreted in a manner that would interfere with normal appeal processes. ID at 4. Accordingly, he dismissed the IRA appeal for lack of jurisdiction. ID at 1, 6.

¶5     On petition for review, Petition for Review (PFR) File, Tab 1, the appellant first argues, as he did below, that, because the administrative judge, through his decision, denied the appellant disability retirement for which he claims he was otherwise qualified, he was thereby subject to a decision concerning benefits, which is a covered personnel action under 5 U.S.C. § 2302(a)(2)(A)(ix). PFR File, Tab 1 at 6. He has not, however, shown error in the administrative judge's finding that the Board and our reviewing court have recognized that the WPA should not be interpreted so as to interfere with normal appeal processes. ID at 4-5, *see Meuwissen v. Department of the Interior*, 234 F.3d 9, 11, 13-14 (Fed. Cir. 2000) (holding that the "disclosure" of a decision by an administrative judge, even an incorrect one, is not a disclosure protected by the WPA; even an erroneous decision by an administrative judge empowered to make adjudicative decisions based on operative facts and relevant law is not the type of violation comprehended by the WPA; the remedy for an incorrect decision is an appeal). Acknowledging that *Meuwissen* was legislatively overruled by the Whistleblower Protection Enhancement Act (WPEA) to the extent that the court found that the

appellant did not make a disclosure because the administrative ruling with which he disagreed was already publicly known, the administrative judge determined, nonetheless, that the WPEA did not disturb the court's more general finding that erroneous administrative rulings are not the type of danger or wrongdoing that whistleblower protections were meant to address. ID at 4; *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 15 n.5 (2013), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014)[6]; *Francisco v. Office of Personnel Management*, 295 F.3d 1310 (Fed. Cir. 2002) (explaining that alleged disclosures that were merely legal arguments concerning supposed errors by OPM in connection with the appellant's application for benefits to OPM and by OPM in defending its action before the Board are simply not the types of disclosures the WPA was designed to protect; it was not designed to afford an opportunity to collaterally attack the results of earlier litigation brought by the appellant).

¶6        Noting that these cases addressed whether, in challenging litigation-related conduct, the employee engaged in protected activity, the administrative judge determined that the same considerations support finding that adjudication is not a personnel action covered by the WPA. ID at 4-5. He reasoned that allowing such collateral challenges would thwart orderly adjudication by allowing administrative judges to sit in appellate review of Board members' previous decisions and would undermine the finality of the Board's determinations by opening the door to an endless cycle of new appeals in every case. ID at 5. The administrative judge further found that, in analogous circumstances, other tribunals, including the Equal Employment Opportunity Commission and Federal district courts, have refused to adopt interpretations of their governing statutes

---

[6] The appellant argues on review that the administrative judge improperly relied on this nonprecedential decision to which he, as a pro se litigant, lacks access. PFR File, Tab 1 at 9, 11. However, the Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds, as it does here, the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011). Moreover, such decisions are readily available on the internet.

that would allow this type of collateral challenge. ID at 5-6. Beyond disagreeing with the administrative judge's ultimate conclusion in this regard, the appellant has not challenged his reasoning or the support he has provided for his findings. To the extent the appellant still believes that the Board's decisions were incorrectly decided based on the same claims that he now raises or others, he acknowledges that the further review he has sought is pending in the U.S. Court of Appeals for the Federal Circuit. IAF, Tab 4 at 11; *Stussy v. Office of Personnel Management*, Appeal No. 2014-3149, *Stussy v. Department of the Treasury*, Appeal No. 2016-1553. In sum, and because we find the administrative judge's reasoning persuasive, we agree that the appellant failed to nonfrivolously allege that he was subject to a covered personnel action under the WPA when the administrative judge, in the appellant's disability retirement appeal, ruled against him. Therefore his IRA appeal must be dismissed for lack of jurisdiction.[7]

¶7    The appellant also claims that he was subject to a denial of reinstatement, another personnel action under 5 U.S.C § 2302(a)(2)(A)(v), because that would be the proper remedy for his employing agency's alleged violation of the settlement agreement reached in 1994 pursuant to which his removal was rescinded and he agreed to resign. According to the appellant, if he had been reinstated, then his disability retirement would have been timely filed. PFR File, Tab 1 at 6. To the extent that the appellant contends that, in adjudicating his first

---

[7] Because our finding compels this disposition, we need not address the appellant's claims that he alleged a violation of law, that he established that his disclosure was a contributing factor based on the "knowledge/timing test," and that Congress did not immunize the Merit Systems Protection Board from the WPA and the WPEA. PFR File, Tab 1 at 6-7. Nor has the appellant shown that the administrative judge violated the court's instructions in *Burgess v. Merit Systems Protection Board*, 758 F.2d 641 (Fed. Cir. 1985), by not providing him adequate notice of his jurisdictional burden. IAF, Tab 2 at 1-4. Further, to the extent the appellant argues that the agency's action is in some way violative of *Chevron, USA, Inc., v. Natural Resources Defense Council, Inc., et al.*, 467 U.S. 837 (1984), PFR File, Tab 1 at 5, this is not an argument that he raised below, and we therefore will not address it, *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

IRA appeal, the administrative judge denied him reinstatement when he ruled that the appellant's challenge to the settlement agreement (which was reached in another forum and was not entered into the record of a Board appeal for enforcement purposes) did not constitute a nonfrivolous allegation of Board jurisdiction in that IRA appeal, *Stussy v. Department of the Treasury*, MSPB Docket No. SF-1221-14-0068-W-1, Initial Decision at 5, our holding in this appeal applies equally to that claim.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, [http://www.mspb.gov/appeals/uscode/htm](http://www.mspb.gov/appeals/uscode/htm).  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

[http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.](http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx)

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at [http://www.mspb.gov/probono](http://www.mspb.gov/probono) for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.